# EXHIBIT L

# Exhibit 1

EXECUTION COPY

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |
|---|---|
| IN RE WILLIS TOWERS WATSON PLC PROXY LITIGATION | Master File No. 1:17-cv-1338-AJT-JFA<br><br>CLASS ACTION |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of January 15, 2021 (the "Stipulation"), is entered into between (a) Lead Plaintiff The Regents of the University of California ("Lead Plaintiff"), on behalf of itself and the Class (defined below); and (b) defendants Willis Towers Watson plc ("WTW"), Towers Watson & Co. ("Towers") (n/k/a WTW Delaware Holdings LLC), Willis Group Holdings plc ("Willis") (n/k/a Willis Towers Watson plc), and ValueAct Capital Management, L.P. ("ValueAct") (collectively, the "Corporate Defendants"), and John J. Haley ("Haley"), Dominic Casserley ("Casserley"), and Jeffrey Ubben (collectively, the "Individual Defendants," together with the Corporate Defendants, "Defendants," and, together with Lead Plaintiff, the "Parties," and each a "Party"), by and through their counsel of record, and embodies the terms and conditions of the settlement of the above-captioned Action.[1]  Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Released Plaintiffs' Claims (defined below).

---

[1]  All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1.

WHEREAS:

A.  On June 29, 2015, Towers and Willis entered into an Agreement and Plan of Merger to combine the two companies, which was publicly announced on June 30, 2015.

B.  The record date for Towers stockholders to be eligible to vote on the Merger was October 1, 2015.

C.  On October 13, 2015, Towers and Willis jointly filed a Definitive Proxy Statement on Schedule 14A (the "Proxy Statement").

D.  On November 19, 2015, Towers and Willis announced certain amendments to the Agreement and Plan of Merger, including an increase in the amount of the special dividend payable to Towers stockholders in connection with the Merger.

E.  On November 27, 2015, Towers and Willis jointly filed an update to the Proxy Statement (the "Proxy Update" and, together with the Proxy Statement, the "Proxy Materials").

F.  On December 11, 2015, Towers' and Willis' stockholders voted in favor of the Merger.

G.  On December 29, 2015, Towers declared and paid a one-time special cash dividend in an amount of $10.00 per share of Towers common stock.

H.  On January 4, 2016, the Merger closed.  Upon the closing of the Merger, Towers stockholders received 2.6490 Willis ordinary shares in exchange for each issued and outstanding share of Towers common stock.  Immediately following the Merger, Willis changed its name to WTW.

I.  On November 21, 2017, Cambridge Retirement System brought a putative securities class action against Defendants in the United States District Court for the Eastern District of Virginia (the Honorable Anthony J. Trenga) (the "Court").

2

J.      By Order dated February 20, 2018, the Court appointed The Regents of the University of California as Lead Plaintiff for the Action and approved Lead Plaintiff's selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel and Lead Plaintiff's selection of Susan R. Podolsky as Liaison Counsel.

K.      On February 27, 2018 and March 8, 2018, respectively, City of Fort Myers Employees' Pension Fund and Alaska Laborers-Employers Retirement Trust (the "Delaware Lead Plaintiffs") brought putative class actions for breaches of fiduciary duty and aiding and abetting in connection with the Merger in the Delaware Court of Chancery, which actions were subsequently consolidated (the "Delaware Action").

L.      On March 9, 2018, Lead Plaintiff filed the Amended Complaint in the Action (the "Complaint"), alleging claims against WTW, Towers, Willis, Haley, and Casserley (the "TW/Willis Defendants") under Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 14a-9 promulgated thereunder, and "control person" claims against Ubben and ValueAct (together, the "Ubben/ValueAct Defendants"), Haley, and Casserley under Section 20(a) of the Exchange Act.

M.      On April 13, 2018, the TW/Willis Defendants and the Ubben/ValueAct Defendants separately filed motions to dismiss the Complaint.  On May 7, 2018, Lead Plaintiff filed its memoranda of law in opposition to Defendants' motions, and, on May 14, 2018, the TW/Willis Defendants and the Ubben/ValueAct Defendants separately filed their replies in further support of their motions to dismiss.  The Court held oral argument on the motions on May 18, 2018.

N.      On July 11, 2018, the Court issued a Memorandum Opinion and Order granting Defendants' motions to dismiss the Complaint.

O.      On July 30, 2018, Lead Plaintiff filed a notice of appeal of the dismissal with the United States Court of Appeals for the Fourth Circuit (the "Fourth Circuit"). Lead Plaintiff filed its appellate brief with the Fourth Circuit on September 28, 2018. Defendants filed their appellate brief with the Fourth Circuit on November 15, 2018, and, on December 6, 2018, Lead Plaintiff filed its reply. The Fourth Circuit held oral argument on Lead Plaintiff's appeal on May 8, 2019.

P.      On August 30, 2019, the Fourth Circuit reversed the Court's dismissal of the Action and remanded the Action to the Court.

Q.      On November 8, 2019, the TW/Willis Defendants and the Ubben/ValueAct Defendants separately filed renewed motions to dismiss the Complaint. On December 9, 2019, Lead Plaintiff filed its memoranda of law in opposition to Defendants' renewed motions and, on December 18, 2019, the TW/Willis Defendants and the Ubben/ValueAct Defendants separately filed their replies in further support of their renewed motions to dismiss. The Court held oral argument on the renewed motions on December 20, 2019.

R.      On January 31, 2020, the Court issued a Memorandum Opinion and Order denying Defendants' renewed motions to dismiss the Complaint.

S.      On February 4, 2020, the TW/Willis Defendants moved to certify the Court's order denying Defendants' renewed motions to dismiss for appeal and for a continued stay of the proceedings. The Court denied the motion to stay discovery by order dated February 6, 2020. On February 18, 2020, Lead Plaintiff filed its memorandum of law in opposition to the TW/Willis Defendants' motion to certify, and, on February 24, 2020, the TW/Willis Defendants filed their reply in further support of their motion. On February 25, 2020, the Court issued an order denying the motion. The case proceeded to discovery.

T.       On February 14, 2020, the TW/Willis Defendants and the Ubben/ValueAct Defendants separately filed their Answers to the Complaint.

U.       Between February and August 2020, the Parties (together with certain third parties) produced more than one (1) million pages of documents in response to document requests and subpoenas, took eighteen (18) depositions, including six (6) expert depositions, and responded to scores of interrogatories and requests for admission.  In the course of litigation, the Parties retained experts on corporate governance, executive compensation, and damages, among other areas.

V.       On May 21, 2020, the Parties held a mediation before the Honorable Layn Phillips, in which the Delaware Lead Plaintiffs also participated.  The mediation was not successful.

W.       On June 12, 2020, Lead Plaintiff filed its motion for class certification and appointment of class representative and class counsel.  On July 14, 2020, the TW/Willis Defendants filed their memorandum of law in opposition to Lead Plaintiff's class certification motion, which the Ubben/ValueAct Defendants joined, and, on July 20, 2020, Lead Plaintiff filed its replies in further support of the class certification motion and in response to the Ubben/ValueAct Defendants' joinder.  The Court held oral argument on the class certification motion on July 29, 2020.

X.       On August 24, 2020, the Parties filed their pre-trial submissions, which included the Parties' deposition transcript designations, witness lists, and exhibit lists, and the Court thereafter set a trial date of March 15, 2021.

Y.       On September 4, 2020, the Court entered an order certifying a Class consisting of all persons and entities that were Towers shareholders of record as of both October 1, 2015, the record date for Towers shareholders to be eligible to vote on the Merger, and January 4, 2016, the date the Merger closed, and who were damaged thereby.  The Court appointed Lead Plaintiff as

class representative, Lead Counsel as class counsel, and Liaison Counsel as liaison counsel for the Class.

Z.     On October 16, 2020 the TW/Willis Defendants and the Ubben/ValueAct Defendants separately filed their motions for summary judgment and to exclude the expert testimony of Lead Plaintiff's expert witnesses.  Also on October 16, 2020, Lead Plaintiff filed a motion to exclude the expert testimony of certain of Defendants' expert witnesses.

AA.     On November 4, 2020, following oral argument and briefing by the Parties, the Court modified the Class definition to, among other things, include both record and beneficial holders of Towers common stock.

BB.     Following the unsuccessful mediation in May 2020, counsel for the Parties and the Delaware Lead Plaintiffs continued to engage with each other to reach a resolution.  Starting in October 2020, the Parties and the Delaware Lead Plaintiffs engaged in several weeks of back and forth settlement negotiations.  On November 19, 2020, the Parties and the Delaware Lead Plaintiffs reached an agreement in principle to settle the Actions for a combined total of $90 million, with the Federal Action to be settled for $75 million and the Delaware Action to be settled for $15 million.  The settlement of the Federal Action is conditioned on final approval of the settlement of the Delaware Action and vice versa.

CC.     This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

DD.     Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiff and Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiff and the other members of the Class, and in their best interests.  Based on Lead Plaintiff's direct oversight of the prosecution of this matter and with

the advice of its counsel, Lead Plaintiff has agreed to settle and release the Released Plaintiffs' Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the financial benefit that Lead Plaintiff and the other members of the Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

EE.     This Stipulation constitutes a compromise of all matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each of Defendants denies any wrongdoing, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiff (on behalf of itself and all other members of the Class) and Defendants, by and through their respective undersigned attorneys, and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the approval of the Delaware Settlement by the Delaware Court, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants'

Claims as against the Plaintiffs' Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## DEFINITIONS

1.  As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)  "Action" or "Federal Action" means the securities class action in the matter styled *In re Willis Towers Watson plc Proxy Litigation*, Master File No. 1:17-cv-1338-AJT-JFA (E.D. Va.) pending in the Court.

(b)  "Actions" means the Federal Action and the Delaware Action, together.

(c)  "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(d)  "Authorized Claimant" means a Class Member who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(e)  "Claim" means a paper claim submitted on a Claim Form or an electronic claim that is submitted to the Claims Administrator.

(f)  "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in the proceeds of the Net Settlement Fund created in this Action, as well as the net proceeds of the Delaware Settlement.

(g)  "Claimant" means a person or entity that submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(h)  "Claims Administrator" means the firm retained by Lead Counsel and Delaware Lead Counsel, subject to approval of the Courts, to provide all notices approved by the

Courts to potential Federal Class Members and Delaware Class Members and to administer the Settlement and the Delaware Settlement.

(i)    "Class" or "Federal Class" means the class certified in the Court's order dated September 4, 2020, as modified by the Court's order dated November 4, 2020, and includes: all persons and entities that were Towers shareholders, including shareholders of record and beneficial owners, as of both October 1, 2015, the record date for Towers shareholders to be eligible to vote on the Merger of Towers and Willis, and January 4, 2016, the date the Merger transaction between Towers and Willis closed, and who were allegedly damaged thereby. Excluded from the Class by definition are:  Defendants; the members of the Immediate Family of any Individual Defendant; any person who was an Officer or director of WTW, Willis, Towers, or ValueAct as of October 1, 2015; any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; any employee retirement and benefit plans of WTW, Willis, Towers, or ValueAct; Defendants' directors' and officers' liability insurance carriers and any affiliates or subsidiaries of those carriers; any Towers shareholder that completed the exercise of his, her, or its right to appraisal of his, her, or its shares under Delaware law, including through a settlement of any litigation initiated by any former Towers shareholder to pursue appraisal rights related to the Merger; and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any of the foregoing excluded parties.  Also excluded from the Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.  To be a Class Member, a person or entity does not need to have held all the Towers shares that he, she, or it owned on October 1, 2015 until January 4, 2016.  He, she, or it need only have continued to own at least some of that Towers common stock that he, she, or it held on October 1, 2015 as of January 4, 2016.  A person or entity is excluded from the Class if he, she, or

it sold all of his, her, or its Towers shares before January 4, 2016. Any of a Class Member's shares which were sold between October 1, 2015 and January 4, 2016 will be excluded from that Class Member's pro rata recovery in the Settlement, and if a Class Member held more Towers shares on January 4, 2016 than he, she, or it held on October 1, 2015, then only the shares held on October 1, 2015 will be eligible for recovery in the Settlement.

(j) "Class Member" or "Federal Class Member" means each person or entity that is a member of the Class.

(k) "Classes" means the Federal Class and the Delaware Class.

(l) "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(m) "Complaint" or "Federal Complaint" means the Amended Complaint filed in the Action by Lead Plaintiff on March 9, 2018.

(n) "Corporate Defendants" means WTW, Towers, Willis, and ValueAct.

(o) "Court" or "Federal Court" means the United States District Court for the Eastern District of Virginia.

(p) "Courts" means the Federal Court and the Delaware Court.

(q) "Defendants" or "Federal Defendants" means the Corporate Defendants and the Individual Defendants, collectively.

(r) "Defendants' Counsel" means Weil, Gotshal & Manges LLP, Hunton Andrews Kurth LLP, and Paul Hastings LLP.

(s) "Defendants' Releasees" means each and all of the following: (i) each and every Defendant; (ii) Defendants' respective past, present, and future, direct and indirect, parents,

affiliates, subsidiaries, related entities, divisions, partnerships, corporations, general partners, limited partners, members, and any entity in which any Defendant has or had a controlling interest; and (iii) the past, present, and future Immediate Family members, heirs, beneficiaries, principals, trustees, trusts, executors, administrators, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, members, agents, subsidiaries, employees, officers, managers, directors, general partners, limited partners, distributees, bankers, lenders, attorneys, accountants, auditors, representatives, estates, divisions, advisors, estate managers, indemnifiers, insurers (including, but not limited to, Directors and Officers Liability Program Insurers), reinsurers, and consultants of each of the persons and entities listed in subparts (i) or (ii) of this definition.

(t)    "Delaware Action" means the action styled *In re Towers Watson & Co. Stockholders Litigation*, Consolidated C.A. No. 2018-0132-KSJM (Del. Ch.), pending in the Delaware Court.

(u)    "Delaware Class" means the settlement class to be certified for purposes of effectuating the Delaware Settlement.

(v)    "Delaware Court" means the Delaware Court of Chancery.

(w)    "Delaware Lead Counsel" means Kessler Topaz Meltzer & Check, LLP and Grant & Eisenhofer, P.A.

(x)    "Delaware Lead Plaintiffs" means City of Fort Myers General Employees' Pension Fund and Alaska Laborers-Employers Retirement Trust.

(y)    "Delaware Judgment" means the judgment to be entered by the Delaware Court approving the Delaware Settlement.

(z) "Delaware Settlement" means the proposed settlement of the Delaware Action, which is subject to approval by the Delaware Court.

(aa) "Directors and Officers Liability Program Insurers" means any insurers paying a portion or all of the Settlement Amount as set forth herein.

(bb) "Effective Date" with respect to the Settlement means the date on which all of the events and conditions specified in ¶ 37 of this Stipulation have been met and have occurred or have been waived.

(cc) "Escrow Account" means an account maintained at Citibank, N.A. wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(dd) "Escrow Agent" means Citibank, N.A.

(ee) "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(ff) "Final," with respect to the Judgment, the Delaware Judgment, or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under any applicable rule, including the Federal Rules of Appellate Procedure; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to

(i) attorneys' fees, costs, or expenses, or (ii) the plan of allocation of any settlement proceeds (as submitted or subsequently modified) shall not in any way delay or preclude the Judgment, the Delaware Judgment, or, if applicable, the Alternate Judgment from becoming Final.

(gg) "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(hh) "Individual Defendants" means John J. Haley, Dominic Casserley, and Jeffrey Ubben.

(ii) "Judgment" means the judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(jj) "Lead Counsel" or "Federal Lead Counsel" or "Federal Class Counsel" means the law firm of Bernstein Litowitz Berger & Grossmann LLP.

(kk) "Lead Plaintiff" or "Federal Lead Plaintiff" means The Regents of the University of California.

(ll) "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Lead Plaintiff directly related to its representation of the Class), for which Lead Counsel intends to apply to the Court for payment or reimbursement from the Settlement Fund.

(mm) "Merger" means the merger of Towers and Willis, which was announced on June 30, 2015, amended on November 19, 2015, and closed on January 4, 2016,

(nn) "Net Settlement Fund" or "Federal Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation

Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

(oo)   "Notice" means the Notice of (I) Pendency of Class Actions and Proposed Settlements; (II) Settlement Fairness Hearings; and (III) Motions for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed to Federal Class Members and Delaware Class Members.

(pp)   "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator or Lead Counsel in connection with: (i) providing notices concerning the Settlements to the Classes; and (ii) administering the Settlements, including, but not limited to, the Claims process; as well as the costs, fees, and expenses incurred in connection with the Escrow Account.

(qq)   "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(rr)   "Parties" means Defendants and Lead Plaintiff, on behalf of itself and the Class.

(ss)   "Plaintiffs' Counsel" means Lead Counsel and the Law Offices of Susan R. Podolsky, Liaison Counsel for the Class.

(tt)   "Plaintiffs' Releasees" or "Federal Plaintiffs' Releasees" means Lead Plaintiff, all other plaintiffs in the Action, and all other Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family members, insurers, reinsurers, and attorneys.

(uu) "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice.

(vv) "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

(ww) "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended.

(xx) "Released Claims" or "Federal Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(yy) "Released Defendants' Claims" or "Federal Released Defendants' Claims" means all actions, causes of action, suits, liabilities, claims, rights of action, debts, sums of money, covenants, contracts, controversies, agreements, promises, damages, contributions, indemnities, and demands of every nature and description, whether or not currently asserted, known, suspected, existing, or discoverable (including Unknown Claims (defined below)), whether arising under federal, state, common or foreign law, whether based on contract, tort, statute, law, equity, or otherwise, that, in full or in part, concerns, relates to, arises out of, or is any way connected to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants, except for claims relating to the enforcement of the Settlement and this Stipulation.

(zz) "Released Plaintiffs' Claims" or "Federal Released Plaintiffs' Claims" means all actions, causes of action, suits, liabilities, claims, rights of action, debts, sums of money, covenants, contracts, controversies, agreements, promises, damages, contributions, indemnities, and demands of every nature and description, whether or not currently asserted, known, suspected, existing, or discoverable, whether arising under federal, state, common, or foreign law, whether

based on contract, tort, statute, law, equity, or otherwise, that Lead Plaintiff or any other member of the Class (a) asserted in the Complaint or (b) ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity, for, upon, arising from, relating to, or by reason of any matter, cause, or thing whatsoever, that, in full or in part, concerns, relates to, arises out of, or is any way connected to the claims, allegations, transactions, facts, circumstances, events, acts, disclosures, statements, representations, omissions, or failures to act alleged, set forth, referred to, involved in, or that could have been raised in the Action, or that otherwise arise out of, are based upon, relate to, or concern in any way either the Merger, the Proxy Materials issued in connection with the stockholder votes on the Merger, any other disclosures relating to or concerning the Merger, ownership of Towers or Willis stock, Haley's Towers or WTW compensation, or the control or participation of any Defendant with respect to the foregoing events. Released Plaintiffs' Claims specifically includes, without limitation, all Unknown Claims (defined below). However, Released Plaintiffs' Claims do not include, and the Settlement does not release or impair: (a) the claims for breaches of fiduciary duty and aiding and abetting breaches of fiduciary duty asserted in the Delaware Action (which claims are being released in connection with the Delaware Settlement); or (b) any claims to enforce the Settlement.

(aaa) "Releasee(s)" or "Federal Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(bbb) "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(ccc) "Settlement" or "Federal Settlement" means the settlement of the Action between Lead Plaintiff and Defendants on the terms and conditions set forth in this Stipulation.

(ddd) "Settlement Amount" or "Federal Settlement Amount" means $75,000,000.00 in cash.

(eee) "Settlement Fund" or "Federal Settlement Fund" means the Settlement Amount plus any and all interest earned thereon following funding of the Settlement Amount by Defendants or their insurers.

(fff) "Settlement Hearing" or "Federal Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(ggg) "Settlements" means the Federal Settlement and the Delaware Settlement together.

(hhh) "Stipulation" or "Federal Stipulation" means this Stipulation and Agreement of Settlement.

(iii) "Summary Notice" means the Summary Notice of (I) Pendency of Class Actions and Proposed Settlements; (II) Settlement Fairness Hearings; and (III) Motions for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(jjj) "Taxes" means: (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(kkk) "Towers" means Towers Watson & Co. (n/k/a WTW Delaware Holdings LLC).

(lll) "TW/Willis Defendants" means WTW, Towers, Willis, John J. Haley, and Dominic Casserley.

(mmm)     "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, and which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Lead Plaintiff and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

(nnn) "ValueAct" means ValueAct Capital Management, L.P.

(ooo) "Ubben/ValueAct Defendants" means Jeffrey Ubben and ValueAct.

(ppp) "Willis" means Willis Group Holdings plc. (n/k/a Willis Towers Watson plc).

(qqq) "WTW" means Willis Towers Watson plc.

## PRELIMINARY APPROVAL OF SETTLEMENT

2.      Promptly after execution of this Stipulation, Lead Plaintiff will move for preliminary approval of the Settlement, authorization to provide the Notice to the Class, and the scheduling of the Settlement Hearing, which motion shall be unopposed by Defendants. Concurrently with the motion for preliminary approval, Lead Plaintiff shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

3.      From the date of this Stipulation through the Effective Date, Lead Plaintiff and its counsel agree, other than for those matters necessary to implement and effectuate the Settlement itself: (a) not to take any steps to prosecute any of the Released Plaintiffs' Claims against any of the Defendants' Releasees; and (b) not to initiate or participate in any proceedings asserting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

## RELEASE OF CLAIMS

4.      The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition of the Action as against Defendants; and (b) the Releases provided for herein.

5.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective legal representatives, heirs, executors, administrators, estates, predecessors, successors, predecessors-in-interest, successors-in-interest, and assigns, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, in their respective capacities as such, shall be deemed to have, and by operation of law and of the Judgment or Alternate Judgment, if applicable, shall have, fully, finally,

and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

6.     Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective legal representatives, heirs, executors, administrators, estates, predecessors, successors, predecessors-in-interest, successors-in-interest, and assigns, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, in their respective capacities as such, shall be deemed to have, and by operation of law and of the Judgment or Alternate Judgment, if applicable, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiff and the Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.  This release shall not apply to any person or entity who or which submits a request for exclusion from the Class that is accepted by the Court.

7.     Notwithstanding ¶¶ 5-6 above, nothing in the Judgment or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment or the Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.     In consideration of the Settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees, Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account no later than fifteen (15) business days after the later

of: (a) the date on which both (i) the Court has entered the Preliminary Approval Order, and (ii) the Delaware Court has entered an order preliminarily approving the Delaware Settlement and scheduling a hearing on final approval of the Delaware Settlement; and (b) the date on which Defendants' Counsel receives from Lead Counsel the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.

9. The Parties intend the Settlement Amount to constitute complete restitution to Class Members for the settlement and release of the Released Plaintiffs' Claims against the Defendants' Releasees. The Settlement Amount represents the entirety of the Defendants' Releasees' financial obligations under this Stipulation and in connection with this Settlement, meaning that it includes all attorneys' fees and expenses awarded to Plaintiffs' Counsel, Notice and Administration Costs, and Taxes of any kind whatsoever associated with the Settlement. The payment of the Settlement Amount into the Escrow Account by Defendants and/or their Directors and Officers Liability Program Insurers in accordance with ¶ 8 above fully discharges the Defendants' Releasees' financial obligations under this Stipulation and in connection with the Settlement, meaning that no Defendants' Releasees shall have any other obligation to make any payment into the Escrow Account or to any Class Member under this Stipulation or in connection with the Settlement. For the avoidance of doubt, under no circumstances shall the total to be paid by Defendants' Releasees under this Stipulation exceed the Settlement Amount. However, Defendants shall be responsible for the costs of disseminating CAFA Notice, as provided in ¶ 24 below, and WTW shall be responsible for the costs of providing shareholder records, as provided in ¶ 22 below.

## USE OF SETTLEMENT FUND

10.      The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 21-35 below.

11.      Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States. The Defendants' Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to any investment or other decisions or actions by the Escrow Agent.

12.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  The Defendants' Releasees shall not have any liability or responsibility for any such Taxes.  Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

13.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

14. The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including, without limitation, the number of Claims submitted, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

15. Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlements (including processing the submitted Claims), and any costs incurred in connection with the Escrow Account. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

16. The Defendants' Releasees and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (a) any act, omission, or determination by Lead Plaintiff, Lead Counsel, the Escrow Agent, or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement; (b) the management, investment, or distribution of the Settlement Fund; (c) the Plan of Allocation or its

implementation, administration, or interpretation; (d) the determination, administration, calculation, or payment of any Claims asserted against the Settlement Fund; (e) any losses suffered by, or fluctuations in the value of, the Settlement Fund; or (f) the payment or withholding of any Taxes, expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any federal, state, or local tax returns.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

17.     Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiffs' Counsel to be paid solely from (and out of) the Settlement Fund.  Lead Counsel also will apply to the Court for payment or reimbursement of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiff's costs and expenses directly related to its representation of the Class, to be paid solely from (and out of) the Settlement Fund.  Lead Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiff other than what is set forth in this Stipulation.

18.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiffs' Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if (i) the Effective Date does not occur; (ii) the Settlement is terminated pursuant to the terms of this Stipulation; or (iii) if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Plaintiffs' Counsel

shall make the appropriate refund or repayment in full no later than fifteen (15) business days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Neither Lead Plaintiff nor Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

19. Other than Defendants' obligation to fund the Settlement Amount, Lead Plaintiff, Lead Counsel, and the Class Members shall have no recourse against the Defendants' Releasees for the payment of any attorneys' fees or Litigation Expenses in connection with the Action.

20. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action. Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Plaintiffs' Counsel shall be payable solely from the Escrow Account.

**NOTICE AND SETTLEMENT ADMINISTRATION**

21. Lead Counsel, in consultation with Delaware Lead Counsel, shall select a Claims Administrator. As part of the Preliminary Approval Order, Lead Counsel shall seek the Court's approval of the appointment of the Claims Administrator. The Claims Administrator appointed shall mail the Notice to members of the Classes, publish the Summary Notice, and administer the Settlements, including but not limited to the process of receiving, reviewing, and approving or denying Claims to participate in the Federal Settlement and Delaware Settlement, under the

supervision of Lead Counsel and Delaware Lead Counsel and subject to the jurisdiction of the Courts. Other than WTW's obligation to provide its shareholder records as provided in ¶ 22 below, none of Defendants, nor any other Defendants' Releasee, shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the Notice, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiff, any other Class Members, the Claims Administrator, or Lead Counsel in connection with the foregoing.

22.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail the Notice and Claim Form to those members of the Classes as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Classes, within five (5) business days after the date on which both (a) the Court has entered the Preliminary Approval Order and (b) the Delaware Court has entered an order preliminarily approving the Delaware Settlement and scheduling a hearing on final approval of the Delaware Settlement, WTW shall use reasonable efforts to provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator), to the extent available to WTW or any of its or Towers' current or former transfer agents, lists consisting of names and mailing addresses of (a) all holders of Towers common stock on October 1, 2015, *and* (b) all holders of Towers common stock at the time the Merger was consummated on January 4, 2016.

23.     No later than two (2) business days after receiving a request for exclusion or fourteen (14) calendar days prior to the Settlement Hearing, whichever is earlier, Lead Counsel shall provide Defendants' Counsel with copies of such request(s) for exclusion and any documentation accompanying them by email.  Lead Plaintiff, Lead Counsel, and Liaison Counsel shall not act to encourage Class Members to exclude themselves from the Class.

24.     No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA").  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of CAFA.  The Parties agree that any delay by Defendants in timely serving the CAFA notice will not provide grounds for delay of the Settlement Hearing or entry of the Judgment or Alternate Judgment, if applicable.

25.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's number of Federal Eligible Shares compared to the total number of Federal Eligible Shares of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

26.     The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on the Court's or any

appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Any orders or proceedings relating to the Plan of Allocation (or any other such plan of allocation as may be approved by the Court) as well as any appeal therefrom (or appellate ruling), shall not: (a) operate to modify, terminate, or cancel this Settlement; (b) modify, terminate, or impact in any way the Releases set forth herein; (c) affect or delay the validity or finality of the Judgment or Alternate Judgment, if applicable, or any other orders entered by the Court giving effect to this Stipulation; (d) affect or delay the Effective Date; (e) provide any ground or otherwise permit any Person (including Lead Plaintiff and the other Class Members), or any of their counsel, to cancel, terminate, or withdraw from the Stipulation or the Settlement; and/or (f) affect or delay the validity of the Settlement. Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action, provided that such plan is consistent with this Stipulation. No Defendant or any other Defendants' Releasee shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

27.     Any Class Member that does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

28.     Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval. No

Defendant or any other Defendants' Releasee shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Class Member. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

29. For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a) Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's ownership of Towers common stock, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable;

(b) All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice. Any Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or the Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiffs' Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a

postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)      Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the Plan of Allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)      Claims that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)      If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

31

30.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, including but not limited to all Releases provided herein and in the Judgment or the Alternate Judgment, if applicable, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

31.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

32.     Lead Counsel, Delaware Lead Counsel, and the Claims Administrator shall cooperate to ensure, to the extent reasonably possible, that the claims processing and distribution procedures described above are performed together for the Federal Settlement and Delaware Settlement, so that eligible Claimants who are members of both Classes shall receive combined notification concerning any deficiencies in their Claims and combined payments if they are eligible for payment from both Settlements.

33.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants.  All Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the

terms of the Judgment or the Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

34.    No person or entity shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator, or any other agent designated by Lead Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Lead Plaintiff and Defendants, and their respective counsel, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation approved by the Court, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

35.    All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.  All Class Members, other Claimants, and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

36.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF
## DISAPPROVAL, CANCELLATION, OR TERMINATION

37.     The Effective Date of the Settlement shall be the date on which all of the following events have occurred or been waived:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 2 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)     Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation (including pursuant to the Supplemental Agreement);

(d)     Lead Plaintiff has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation;

(e)     the Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed under Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and neither Lead Plaintiff nor any Defendant seeks to terminate the Settlement and the Alternate Judgment has become Final; and

(f)     the Delaware Court has approved the Delaware Settlement, following notice to the Delaware Class and a hearing, and has entered a judgment or order approving the Delaware Settlement and that judgment or order has become Final.

38.     Upon the occurrence of all of the events referenced in ¶ 37 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

39.     If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiff exercises its right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; (iv) the Delaware Court disapproves the Delaware Settlement; or (v) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)     Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of November 19, 2020.

(c)     The terms and provisions of this Stipulation, with the exception of this ¶ 39 and ¶¶ 15, 18, 43-44, and 64-65, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)     Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶ 18 above), less any Notice and Administration Costs actually incurred, paid or payable, and less any Taxes paid, due or owing, shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct).  In the event that the funds received by Lead Counsel consistent with

35

¶ 18 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 18 above.

40.     It is further stipulated and agreed that Defendants, provided they unanimously agree, and Lead Plaintiff shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) calendar days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement in any material respect; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the Court's entry of an Alternate Judgment that differs from the terms of the Judgment in any material respect; (e) the Delaware Court's final refusal to approve the Delaware Settlement in any material respect; (f) the Delaware Court's entry of an alternative judgment that differs in any material respect from the judgment agreed upon by the parties to the Delaware Action; (g) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Fourth Circuit or the United States Supreme Court; (h) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Fourth Circuit or the United States Supreme Court; (i) the date upon which the order approving the Delaware Settlement is modified or reversed in any material respect on appeal; or (j) the termination of the Delaware Settlement pursuant to the terms of the Delaware Stipulation.. For the avoidance of doubt, the Parties stipulate and agree that any change to the scope of the releases that are provided in this Stipulation (including, without limitation, to the definition of the Classes giving such releases)

36

would constitute a material change that gives rise to Defendants' right to terminate this Stipulation and the Settlement.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

41.    In addition to the grounds set forth in ¶ 40 above, Defendants shall have the unilateral right to terminate the Settlement in the event that Class Members timely and validly requesting exclusion from the Class meet the conditions set forth in Defendants' confidential supplemental agreement with Lead Plaintiff (the "Supplemental Agreement"), in accordance with the terms of that agreement.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement), unless the Court otherwise directs or a dispute arises between Lead Plaintiff and Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court in camera and request that the Court afford it confidential treatment.

42.    In addition to the grounds set forth in ¶¶ 40 and 41 above, Lead Plaintiff shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid as provided for in ¶ 8 above, by providing written notice of the election to terminate to Defendants' Counsel.

## NO ADMISSION OF WRONGDOING

43. Defendants expressly deny any liability with respect to the matters alleged in the Complaint. Defendants have denied and continue to deny, inter alia, that the Proxy Materials or any other disclosures contained any alleged material misrepresentations or omissions; that Lead Plaintiff and the other Class Members have suffered any damages, as alleged in the Complaint or otherwise; that the Merger consideration Towers stockholders received in the Merger was in any way deficient; that Defendants acted with scienter, fraudulently, wrongfully, or in bad faith in any way; that the Ubben/ValueAct Defendants controlled the TW/Willis Defendants in any way; or that the alleged harm suffered by Lead Plaintiff and other Class Members, if any, was causally linked to any alleged misrepresentations or omissions. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Action. Nonetheless, Defendants have concluded that further litigation of the Action, especially given the complexity of cases such as this one, would be protracted, burdensome, and expensive, and that it is desirable and beneficial to them that they secure releases to the fullest extent permitted by law and that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Stipulation.

44. Neither this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)      shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by

any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b) shall be offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

45.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

46.     Defendants warrant that, as to the payments made or to be made on behalf of them, at the time of entering into this Stipulation and at the time of such payment, they, or to the best of their knowledge, any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each of Defendants and not by their counsel.

47.     In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiff, Lead Plaintiff and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment or Alternate Judgment, if applicable, shall be null and void, the Parties shall be restored to their respective positions in the litigation as provided in ¶ 39 above, and any cash amounts in the Settlement Fund (less any Taxes paid, due,

or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid, or payable) shall be returned as provided in ¶ 39.

48. The Parties intend the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Parties with respect to the Action, the Released Plaintiffs' Claims, and the Released Defendants' Claims. The Settlement compromises claims which are contested and shall not be deemed an admission by any Party as to the merits of any claim or defense. No Party will assert any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the litigation of the Action, including, but not limited to, the institution, prosecution, defense, or settlement of the Action. The proposed Judgment will contain a finding that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action, and no Party will object to any such finding by the Court in the Judgment, the Alternate Judgment, if applicable, or otherwise. The Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with competent legal counsel.

49. While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel. In all events, Lead Plaintiff and its counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by any Party concerning the prosecution, defense, and resolution

of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.  To the extent any Party makes a statement in violation of this ¶ 49, such statement shall not be imputed to any other Party.

50.    The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Lead Plaintiff and Defendants (or their successors-in-interest).

51.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

52.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiffs' Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

53.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

54.    This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among Lead Plaintiff and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits, or the Supplemental Agreement other than those contained and memorialized in such documents.

55.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf or .tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

56.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

57.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate them shall be governed by the internal laws of the Commonwealth of Virginia without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

58.     Any action arising under or to enforce this Stipulation, or any portion thereof, shall be commenced and maintained only in the Court.

59.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

60.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

61.     The Parties acknowledge that it is their intent to consummate the Settlement and this Stipulation, and Plaintiffs' Counsel and Defendants' Counsel agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and

43

to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Stipulation, and to use reasonable best efforts to promptly agree upon and execute all such other documentation as may be required to obtain final approval by the Court of the Settlement.

62. If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt. Notice shall be provided as follows:

| If to Lead Plaintiff or Lead Counsel: | Bernstein Litowitz Berger & Grossmann LLP<br>Attn: Salvatore J. Graziano<br>1251 Avenue of the Americas, 44th Floor<br>New York, NY 10020<br>Telephone: (212) 554-1400<br>Facsimile: (212) 554-1444<br>Email: salvatore@blbglaw.com |
| --- | --- |
| If to Defendants WTW, Towers, Willis, Haley, or Casserley: | Weil, Gotshal & Manges LLP<br>Attn: John A. Neuwirth<br>767 Fifth Avenue<br>New York, NY 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br>Email: john.neuwirth@weil.com |
| If to Defendants ValueAct or Ubben: | Paul Hastings LLP<br>Attn: Richard S. Horavth, Jr.<br>101 California Street, 48th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 856-7000<br>Facsimile: (415) 856-7100<br>Email: rickhorvath@paulhastings.com |

63. Except as otherwise provided herein, each Party shall bear its own costs.

64. Other than this Stipulation and related papers filed with the Court in connection with the Settlement, the Parties and their counsel shall use their reasonable best efforts to keep all

negotiations, discussions, acts performed, agreements, drafts, documents signed, and proceedings in connection with the Stipulation confidential.

65.    All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

66.    No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.   Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of January 15, 2021.

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

By: _____
    Salvatore J. Graziano
John Rizio-Hamilton
Rebecca Boon
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
Tel: (310) 819-3470
salvatore@blbglaw.com
JohnR@blbglaw.com
Rebecca.Boon@blbglaw.com

*Lead Counsel for Lead Plaintiff and the Class*

    and

**LAW OFFICES OF SUSAN R. PODOLSKY**

Susan R. Podolsky (Va. Bar No. 27891)
1800 Diagonal Road, Suite 600
Alexandria, Virginia 22314
Telephone: (571) 366-1702
Facsimile: (703) 647-6009
spodolsky@podolskylaw.com

*Liaison Counsel for Lead Plaintiff and the Class*

46

**WEIL, GOTSHAL & MANGES LLP**

By: _____

      John A. Neuwirth
      Joshua S. Amsel
Matthew S. Connors
Amanda K. Pooler
767 Fifth Avenue
New York, NY 10153
Tel:  (212) 310-8000
john.neuwirth@weil.com
josh.amsel@weil.com
matthew.connors@weil.com
amanda.pooler@weil.com

      and

**HUNTON ANDREWS KURTH LLP**

Eric H. Feiler (Va. Bar No. 44048)
Edward J. Fuhr (Va. Bar No. 28082)
Johnathon E. Schronce (Va. Bar No. 80903)
951 East Byrd Street
Richmond, Virginia 23219-4074
Tel: (804) 788-8201
efuhr@huntonAK.com
efeiler@huntonAK.com
jschronce@huntonAK.com

*Counsel for Defendants Willis Towers*
*Watson plc, WTW Delaware Holdings LLC*
*(f/k/a Towers Watson & Co.), Willis Group*
*Holdings plc (n/k/a Willis Towers Watson*
*plc), John J. Haley, and Dominic Casserley*

47

**PAUL HASTINGS LLP**

By: _Richard S. Horvath, A_

Richard S. Horavth, Jr
Abigail H. Wald
101 California Street, 48th Floor
San Francisco, CA 94111
Tel: (415) 856-7000
rickhorvath@paulhastings.com
abigailwald@paulhastings.com

and

Arvind Jairam (Va. Bar No. 85772)
2050 M Street NW
Washington, DC 20036
Tel: (202) 551-1700
arvindjairam@paulhastings.com

*Counsel for Defendants ValueAct Capital
Management, L.P. and Jeffrey Ubben*

# Exhibit A

**Exhibit A**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE WILLIS TOWERS WATSON PLC PROXY LITIGATION | Master File No. 1:17-cv-1338-AJT-JFA <br><br> <u>CLASS ACTION</u> |

### [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND AUTHORIZING DISSEMINATION OF NOTICE OF SETTLEMENT

WHEREAS, a securities class action is pending in this Court styled *In re Willis Towers Watson plc Proxy Litigation*, Master File No. 1:17-cv-1338-AJT-JFA (E.D. Va.) (the "Action");

WHEREAS, (a) Lead Plaintiff The Regents of the University of California ("Lead Plaintiff"), on behalf of itself and the Class (defined below), and (b) defendants Willis Towers Watson plc ("WTW"), Towers Watson & Co. ("Towers") (n/k/a WTW Delaware Holdings LLC), Willis Group Holdings plc ("Willis") (n/k/a Willis Towers Watson plc), and ValueAct Capital Management, L.P. ("ValueAct") (collectively, the "Corporate Defendants"), and John J. Haley, Dominic Casserley, and Jeffrey Ubben (collectively, the "Individual Defendants," together with the Corporate Defendants, "Defendants," and, together with Lead Plaintiff, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated January 15, 2021 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     **The Certified Class** – The "Class" means the class certified in the Court's order dated September 4, 2020, as modified by the Court's order dated November 4, 2020, and includes: all persons and entities that were Towers shareholders, including shareholders of record and beneficial owners, as of both October 1, 2015, the record date for Towers shareholders to be eligible to vote on the Merger of Towers and Willis, and January 4, 2016, the date the Merger transaction between Towers and Willis closed, and who were allegedly damaged thereby. Excluded from the Class by definition are: Defendants; the members of the Immediate Family of any Individual Defendant; any person who was an Officer or director of WTW, Willis, Towers, or ValueAct as of October 1, 2015; any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; any employee retirement and benefit plans of WTW, Willis, Towers, or ValueAct; Defendants' directors' and officers' liability insurance carriers and any affiliates or subsidiaries of those carriers; any Towers shareholder that completed the exercise of his, her, or its right to appraisal of his, her or its shares under Delaware law, including through a settlement of any litigation initiated by any former Towers shareholder to pursue appraisal rights related to the Merger; and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any of the foregoing excluded parties. Also excluded from the Class are any persons

and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court. To be a Class Member, a person or entity does not need to have held all the Towers shares that he, she, or it owned on October 1, 2015 until January 4, 2016. He, she, or it need only have continued to own at least some of that Towers common stock that he, she, or it held on October 1, 2015 as of January 4, 2016. A person or entity is excluded from the Class if he, she, or it sold all of his, her, or its Towers shares before January 4, 2016. Any of a Class Member's shares which were sold between October 1, 2015 and January 4, 2016 will be excluded from that Class Member's pro rata recovery in the Settlement, and if a Class Member held more Towers shares on January 4, 2016 than he, she, or it held on October 1, 2015, then only the shares held on October 1, 2015 will be eligible for recovery in the Settlement.

2.  **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

3.  **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2021 at __:__ _.m., either in person at Courtroom 701 of Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314, or by telephone or videoconference (in the discretion of the Court) for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine

whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether Lead Counsel's motion for attorneys' fees and litigation expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 5 of this Order.

4.      The Court may adjourn the Settlement Hearing without further notice to the Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class. The Court may, in its discretion, order that the Settlement Hearing be conducted by telephone or videoconference without further written notice to the Class. If the Court orders that the Settlement Hearing be conducted telephonically or by videoconference, that decision will be posted on a website to be developed for the Settlements as referenced in paragraph 5(d) of this Order.

5.      **Retention of Claims Administrator and Manner of Giving Notice** – Lead Counsel is hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement and the Delaware Settlement, as well as the processing of Claims for both Settlements, as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)      the first date on which both (i) this Order and (ii) an order from the Delaware Court scheduling a final hearing for approval of the Delaware Settlement and authorizing notice to the Delaware Class, have been entered by the respective Courts shall be referred to herein as the "Entry Date";

(b)      not later than five (5) business days after the Entry Date, WTW shall use reasonable efforts to provide or cause to be provided to the Claims Administrator in

electronic format (at no cost to the Settlement Fund, Lead Counsel, or the Claims Administrator), to the extent available to WTW or any of its or Towers' current or former transfer agents, lists consisting of names and mailing addresses of (a) all holders of Towers common stock on October 1, 2015, and (b) all holders of Towers common stock at the time the Merger was consummated on January 4, 2016;

(c)      beginning not later than twenty (20) calendar days after the Entry Date, the Claims Administrator shall cause a copy of the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (collectively, the "Notice Packet"), to be mailed by first-class mail to potential members of the Classes at the addresses set forth in the records provided by Defendants or in the records which Defendants caused to be provided, or who otherwise may be identified through further reasonable effort;

(d)      contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and Claim Form to be posted on a website to be developed for the Settlements, from which copies of the Notice and Claim Form can be downloaded;

(e)      not later than thirty-five (35) calendar days after the Entry Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *The Wall Street Journal* and to be transmitted once over the *PR Newswire*; and

(f)      not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

6.  **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 5 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable laws and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

7.  **Nominee Procedures** – Brokers and other nominees who held Towers common stock for the benefit of another person or entity on either (i) October 1, 2015, *or* (ii) at the time the Merger was consummated on January 4, 2016, shall: (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and, within seven (7) calendar days of receipt of those Notice Packets, forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt

of the Notice, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator, in which event the Claims Administrator shall promptly mail or email the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

8.     **CAFA Notice** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

9.     **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Entry Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for processing late Claims, provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim, a person or entity

7

shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

10.     Each Claim Form submitted must satisfy the following conditions:  (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

11.     Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court:  (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternative Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be permanently barred and enjoined from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees, as more fully

8

described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 9 above.

12.     **Exclusion From the Class** – All Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons or entities request to be excluded, or "opt out," from the Class.  Any member of the Class who wishes to exclude himself, herself, or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that:  (a) any such request for exclusion from the Class must be mailed or delivered such that it is received no later than eighty (80) calendar days after the Entry Date, to:  *Willis Towers Watson Shareholder Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217; and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Federal Class in *In re Willis Towers Watson plc Proxy Litigation*, Case No. 1:17-cv-1338 (E.D. Va.)"; (iii) state the number of Towers common shares that the person or entity requesting exclusion (A) owned as of October 1, 2015, (B) purchased/acquired and/or sold during the period from October 1, 2015 through January 4, 2016, as well as the dates of each such purchase/acquisition and sale, and (C) owned as of the consummation of the Merger on January 4, 2016; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.

13.     Any person or entity that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Class shall not be a Class Member, shall

not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

14.     Any Class Member who or which does not timely and validly request exclusion from the Class in the manner stated in this Order:  (a) shall be deemed to have waived his, her, or its right to be excluded from the Class; (b) shall be forever barred from requesting exclusion from the Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment or Alternative Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

15.     **<u>Appearance and Objections at Settlement Hearing</u>** – Any Class Member who or which does not request exclusion from the Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 16 below, such that it is received no later than eighty (80) calendar days after the Entry Date, or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented by Lead Counsel.

16.     Any Class Member who or which does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved;

*provided, however*, that no Class Member shall be heard or entitled to contest the approval of the
terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the
motion for attorneys' fees and Litigation Expenses unless that person or entity has (i) filed a written
objection with the Court and served copies of such objection on Lead Counsel and Defendants'
Counsel at the addresses set forth below such that they are received no later than eighty (80)
calendar days after the Entry Date, and (ii) emailed a copy of their objection to both Lead Plaintiff
at settlements@blbglaw.com and the TW/Willis Defendants' counsel at john.neuwirth@weil.com
and joshua.amsel@weil.com and the Ubben/ValueAct Defendants' counsel at
rickhorvath@paulhastings.com by that same date.

<table>
<tr><td align="center"><u>**Lead Counsel**</u></td><td align="center"><u>**Defendants' Counsel**</u></td></tr>
<tr><td align="center">Bernstein Litowitz Berger & Grossmann LLP<br>Salvatore J. Graziano, Esq.<br>1251 Avenue of the Americas, 44th Floor<br>New York, NY 10020</td><td align="center">Weil, Gotshal & Manges LLP<br>John A. Neuwirth, Esq.<br>767 Fifth Avenue<br>New York, NY 10153</td></tr>
<tr><td></td><td align="center">and</td></tr>
<tr><td></td><td align="center">Paul Hastings LLP<br>Richard S. Horavth, Jr. Esq.<br>101 California Street, 48th Floor<br>San Francisco, CA 94111</td></tr>
</table>

17.    Any objections, filings, and other submissions by the objecting Class Member
must:  (a) identify the case name and docket number, *In re Willis Towers Watson plc Proxy
Litigation*, Case No. 1:17-cv-1338 (E.D. Va.); (b) state the name, address, and telephone number
of the person or entity objecting and must be signed by the objector; (c) state with specificity the
grounds for the Class Member's objection, including any legal and evidentiary support the Class
Member wishes to bring to the Court's attention and whether the objection applies only to the
objector, to a specific subset of the Class, or to the entire Class; and (d) include documents

11

sufficient to prove membership in the Class, including documents showing the number of shares of Towers common stock that the objecting Class Member (i) owned as of October 1, 2015, (ii) purchased/acquired and/or sold from October 1, 2015 through January 4, 2016, as well as the dates of each such purchase/acquisition and sale, and (iii) owned as of the consummation of the Merger on January 4, 2016. Documentation establishing membership in the Class must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing. Objectors who intend to appear at the Settlement Hearing through counsel must also identify that counsel by name, address, and telephone number.

18. Any Class Member that does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding. Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval of the Settlement, the Plan of Allocation, or the application for attorneys' fees and Litigation Expenses.

19.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff and all other members of the Class from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendants' Releasees.

20.     **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Class Members and notifying them of the Settlement, as well as in administering the Settlement, shall be paid as set forth in the Stipulation without further order of the Court.

21.     **Settlement Fund** – The contents of the Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

22.     **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for, or with respect to, the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

23.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Supplemental Agreement, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Class Members, and Defendants,

and the Parties shall revert to their respective positions in the Action as of November 19, 2020, as provided in the Stipulation.

24.  **Use of this Order** – Neither this Order, the Settlement (whether or not consummated), the Stipulation, including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may

14

be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial; *provided, however,* that if the Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder, or otherwise to enforce the terms of the Settlement.

25. **Supporting Papers** – Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses no later than sixty-five (65) calendar days after the Entry Date; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

SO ORDERED this _____ day of _____, 2021.

_____
The Honorable Anthony J. Trenga
United States District Judge

# Exhibit A-1

**Exhibit A-1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| IN RE WILLIS TOWERS WATSON PLC PROXY LITIGATION | Master File No. 1:17-cv-1338-AJT-JFA |

--and--

**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

| | |
|---|---|
| In re TOWERS WATSON & CO. STOCKHOLDER LITIGATION | Consolidated C.A. No. 2018-0132-KSJM |

**NOTICE OF (I) PENDENCY OF CLASS ACTIONS AND PROPOSED
SETTLEMENTS; (II) SETTLEMENT FAIRNESS HEARINGS; AND
(III) MOTIONS FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO:** **(a)** **All persons and entities that were shareholders of Towers Watson & Co. ("Towers"), including shareholders of record and beneficial owners, as of both October 1, 2015 and January 4, 2016, and who were allegedly damaged thereby (the "Federal Class"); and**

   **(b)** **All persons and entities that were Towers shareholders, including shareholders of record and beneficial owners, at any time during the period from June 29, 2015 through and including January 4, 2016, together with their successors and assigns (the "Delaware Class").**

_**A Federal Court and a State Court authorized this Notice.**_
_**This is not a solicitation from a lawyer.**_

**SUMMARY OF THE NOTICE**

This Notice concerns the proposed settlement of two separate class actions: the Federal Action and Delaware Action, described below (together, the "Actions"). Both of the Actions relate to the merger transaction (the "Merger") by which Towers and Willis Group Holdings plc ("Willis") merged to become Willis Towers Watson plc ("WTW"). The Merger closed on January 4, 2016.

The parties to the Actions have reached proposed Settlements[1] for the two Actions which total **$90 million** in cash: $75 million for the settlement of the Federal Action and $15 million for the settlement of the Delaware Action. The proposed Settlements will be considered independently by the respective Courts but will not become effective unless and until both Settlements have been approved and become final. If you held shares of Towers common stock on October 1, 2015, the record date for Towers shareholders to be eligible to vote on the Merger, and continued to hold those shares as of the close of trading on January 4, 2016, the date the Merger closed, you may be eligible for a payment from the Federal Settlement. If you held shares of Towers common stock as of the close of trading on January 4, 2016 (regardless of when you purchased them), you may be eligible for a payment from the Delaware Settlement.

**DETAILS OF THE ACTIONS:**

- **The Federal Action.** An action entitled *In re Willis Towers Watson plc Proxy Litigation*, Master File No. 1:17-cv-1338-AJT-JFA (the "Federal Action"), is pending in the United States District Court for the Eastern District of Virginia (the "Federal Court").

  In the Federal Action, Federal Lead Plaintiff, the Regents of the University of California, has asserted federal securities claims under Sections 14(a) and/or 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") against the Federal Defendants.[2] Federal Lead Plaintiff alleges that Federal Defendants made material misrepresentations and omissions in proxy solicitations distributed to Towers stockholders concerning the Merger because (i) they failed to disclose an alleged conflict of interest possessed by Haley, who was then Towers' Chairman and CEO and led the Merger negotiations on behalf of Towers, and who was also the proposed CEO of the merged company; (ii) falsely described the Merger negotiations as arm's-length negotiations; and (iii) failed to disclose the role played by Ubben and ValueAct in the Merger negotiations. The Federal Action has been certified as a class action on behalf of the Federal Class (defined in ¶ 39 below), pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Federal Court.

- **The Delaware Action.** An action entitled *In re Towers Watson & Co. Stockholder Litigation*, Consolidated C.A. No. 2018-0132-KSJM (the "Delaware Action"), is pending in the Delaware Court of Chancery (the "Delaware Court").

---

[1] Capitalized terms not defined in this Notice have the meaning ascribed in the Stipulation and Agreement of Settlement for the Federal Settlement and/or the Stipulation and Agreement of Settlement for the Delaware Settlement (together, the "Stipulations"), which are available as set forth in ¶ 36 and ¶ 88 herein.

[2] "Federal Defendants" means (i) WTW; (ii) Towers (n/k/a WTW Delaware Holdings LLC); (iii) Willis (n/k/a Willis Towers Watson plc); (iv) John J. Haley ("Haley"), the former Chairman and CEO of Towers and the post-Merger CEO of WTW; (v) Dominic Casserley ("Casserley"), the CEO of Willis prior to the Merger; (vi) ValueAct Capital Management, L.P. ("ValueAct"), an investment company that managed investment funds that held approximately 10% of Willis' outstanding shares prior to the Merger; and (vii) Jeffrey Ubben ("Ubben"), ValueAct's CEO at the time of the Merger and a member of Willis' board of directors before the Merger and WTW's board of directors after the Merger.

In the Delaware Action, Delaware Lead Plaintiffs, City of Fort Myers General Employees' Pension Fund and Alaska Laborers-Employers Retirement Trust, have asserted Delaware state-law claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty against the Delaware Defendants.[3] Delaware Lead Plaintiffs allege that (i) Haley breached his fiduciary duties by not disclosing to Towers' board of directors or stockholders an alleged conflict of interest he had with respect to the Merger, and by not negotiating the Merger at arm's-length; and (ii) Ubben and ValueAct aided and abetted those alleged breaches of duty. The Delaware Action has been conditionally certified as a class action, for the purposes of settlement only, on behalf of the Delaware Class (defined in ¶ 41 below), pursuant to Rule 23 of the Rules of the Court of Chancery of the State of Delaware and an Order of the Delaware Court.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of payment from the Settlements. If you are a member of one or more of the Classes, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlements, or your eligibility to participate in the Settlements, please DO NOT contact the Courts, Defendants, or Defendants' counsel. All questions should be directed to the Claims Administrator or Federal Class Counsel or Delaware Class Counsel (collectively, "Class Counsel") (see ¶ 88 below).**

1. **Statement of the Classes' Recovery:** The Parties to the Actions have reached proposed Settlements for the benefit of the Federal Class and the Delaware Class (together, the "Classes") totaling **$90,000,000** in cash. Specifically:

- Federal Lead Plaintiff, on behalf of itself and the Federal Class, has reached a proposed settlement of the Federal Action for **$75,000,000** in cash, subject to the approval of the Federal Court (the "Federal Settlement"); and

- Delaware Lead Plaintiffs, on behalf of themselves and the Delaware Class, have reached a proposed settlement of the Delaware Action for **$15,000,000** in cash, subject to the approval of the Delaware Court (the "Delaware Settlement" and, together with the Federal Settlement, the "Settlements").

Approval of the proposed Settlements will be considered independently by the respective Courts, but the Settlements will not become effective unless and until both Settlements have been approved and become final. If the Settlements are approved and become final, the Net Settlement Fund for each of the Settlements will be distributed in accordance with a plan of allocation to be approved by the applicable Court. The proposed plans of allocation for the Federal Net Settlement Fund and Delaware Net Settlement Fund (the "Plans of Allocation") are set forth in Appendix A at the end of this Notice.

---

[3] "Delaware Defendants" means Haley, ValueAct, and Ubben. "Defendants" means the Federal Defendants and the Delaware Defendants. "Parties" means Defendants, Federal Lead Plaintiff, and Delaware Lead Plaintiffs.

2. **Estimate of Average Amount of Recovery Per Share:** Based on (i) Federal Lead Plaintiff's damages expert's estimate of the number of shares of Towers common stock affected by the allegations in the Federal Action, and (ii) the number of shares of Towers common stock outstanding on January 4, 2016, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) for persons and entities that are members of ***both*** the Federal Class and Delaware Class (that is, persons and entities who held Towers shares on October 1, 2015 and continued to hold those shares on January 4, 2016), the estimated average recovery is **$1.52** per share. Class Members should note, however, that the foregoing average recovery is only an estimate. Class Members may recover more or less than this estimated amount depending on, among other factors, the number of shares that are excluded from the applicable Class, as described in ¶ 39 and ¶ 41 herein; and the total number of eligible shares contained in the valid Claim Forms submitted. Distributions to members of the Classes who submit valid Claim Forms will be made based on the Plans of Allocation set forth herein (*see* Appendix A at the end of the Notice) or such other plans of allocation as may be ordered by the Courts.

3. **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages, if any, per share of Towers common stock that would be recoverable if Federal Lead Plaintiff and Delaware Lead Plaintiffs (collectively, "Plaintiffs" or "Lead Plaintiffs") were to prevail in their respective Actions. Among other things, Defendants vigorously deny the assertion that they violated the federal securities laws or committed any breaches of fiduciary duty or aiding and abetting thereof, or that any damages were suffered by any members of the Classes as a result of their alleged conduct.

4. **Attorneys' Fees and Expenses Sought:** Class Counsel, which have been prosecuting the respective Actions on a wholly contingent basis, have not received any payment of attorneys' fees for their representation of the respective Classes and have advanced the funds to pay expenses necessarily incurred to prosecute the Actions. Before final approval of the Settlements, Class Counsel will apply separately to the Courts for awards of attorneys' fees in amounts not to exceed 25% of the respective Settlement Funds. In addition, as discussed in more detail in ¶ 62 below, Federal Class Counsel will apply for payment of litigation expenses in an amount not to exceed $2,000,000, and Delaware Class Counsel will apply for payment of litigation expenses in an amount not to exceed $250,000. Class Members are not personally liable for any such fees or expenses. If the Courts approve Class Counsel's fee and expense applications, the estimated average cost for such fees and litigation expenses for persons and entities that are members of ***both*** the Federal and Delaware Classes, is $0.42 per eligible share.

5. **Identification of Attorneys' Representatives:** Federal Lead Plaintiff and the Federal Class are represented by Salvatore J. Graziano of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, 1-800-380-8496, settlements@blbglaw.com. Delaware Lead Plaintiffs and the Delaware Class are represented by Stacey A. Greenspan of Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087, 1-610-667-7706, info@ktmc.com, and Christine M. Mackintosh of Grant & Eisenhofer P.A., 123 Justison Street, Wilmington, DE 19801, 1-302-622-7000, cmackintosh@gelaw.com.

6. **Reasons for the Settlements:** Lead Plaintiffs' principal reason for entering into the Settlements is the substantial and certain recovery for the Classes without the risk or the delays inherent in further litigation. Moreover, the substantial recovery provided under the Settlements

must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions, trial of the Actions, and the likely appeals that would follow trial in either of the Actions. This process could be expected to last several years. Defendants, who deny all allegations of wrongdoing, are entering into the Settlements solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENTS: | |
| --- | --- |
| **SUBMIT A CLAIM FORM POSTMARKED NO LATER THAN _____, 2021.** | This is the only way to be eligible to receive a payment from the proceeds of the Federal Settlement or the Delaware Settlement. |
| | If you are a member of the Federal Class and you do not request exclusion, you will be bound by the Federal Settlement, if approved, and you will give up any Federal Released Plaintiffs' Claims that you have against the Federal Defendants and the other Federal Defendants' Releasees (as defined and discussed in ¶ 52 & nn.4-5 below). Similarly, if you are a member of the Delaware Class, you will be bound by the Delaware Settlement, if approved, and you will give up any Delaware Released Plaintiffs' Claims that you have against the Delaware Defendants and the other Delaware Defendants' Releasees (as defined and discussed in ¶ 53 & nn.6-7 below). Accordingly, it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE FEDERAL CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2021.** | If you request to be excluded from the Federal Class, you will not be eligible to receive any payment from the Federal Settlement Fund. Requesting exclusion is the only option that allows you ever to be part of any other lawsuit against the Federal Defendants or any of the other Federal Defendants' Releasees concerning the Federal Released Plaintiffs' Claims. *See* ¶¶ 63-67 below for more detail on how to request exclusion from the Federal Class. |
| | Note: The Delaware Class is conditionally certified as a non-opt-out class. You do not have the opportunity to exclude yourself from the Delaware Class. |

| OBJECT TO THE FEDERAL SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2021. | If you do not like one or more of the proposed Settlements, the proposed Plans of Allocation, or Class Counsel's requests for attorneys' fees and litigation expenses and you are a member of the Class affected by that (or those) Settlement(s), you may write to the applicable Court(s) and explain why you do not like the Settlement(s), Plan(s) of Allocation, or request(s) for fees and litigation expenses. *See* ¶¶ 74-84 below for more detail on how to file an objection. |
|---|---|
| OBJECT TO THE DELAWARE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2021. | You cannot object to the Federal Settlement, the Plan of Allocation of the Federal Net Settlement Fund (the "Federal Plan of Allocation"), or the motion for attorneys' fees and litigation expenses in the Federal Action unless you are a member of the Federal Class and do not exclude yourself. Similarly, you cannot object to the Delaware Settlement, the Plan of Allocation of the Delaware Net Settlement Fund (the "Delaware Plan of Allocation"), or the motion for attorneys' fees and litigation expenses in the Delaware Action unless you are a member of the Delaware Class. |
| ATTEND A HEARING CONCERNING THE FEDERAL SETTLEMENT ON _____, 2021 AT __:__ __.M., AND/OR A HEARING CONCERNING THE DELAWARE SETTLEMENT ON _____, 2021 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2021. | Filing a written objection and notice of intention to appear by _____, 2021 (with respect to the Federal Settlement) or _____, 2021 (with respect to the Delaware Settlement) allows you to speak in the applicable Court, at the discretion of that Court, about the fairness of the proposed Settlement(s), the Plan(s) of Allocation, and/or Class Counsel's requests for attorneys' fees and litigation expenses that is before that Court. In the discretion of each Court, the final settlement hearing may be conducted by videoconference or telephone (*see* ¶ 69 below). |
| DO NOTHING. | If you are a member of one or both of the Classes and do not submit a valid Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement(s) obtained on behalf of the Class(es) in which you are a member. You will, however, remain a member of the Class(es) that applies (apply) to you, which means that you give up your right to sue about the claims that are resolved by the applicable Settlement(s), and you will be bound by any judgments or orders entered by the Court with respect to that (those) Settlement(s). |

| WHAT THIS NOTICE CONTAINS | |
|---|---|

Why Did I Get This Notice?                                                         Page [___]
What Is This Litigation About?                                                     Page [___]
How Do I Know If I Am Affected By The Settlements?
    Who Is Included In The Classes?                            Page [___]
What Are Plaintiffs' Reasons For The Settlements?                                  Page [___]
What Might Happen If There Were No Settlements?                                    Page [___]
How Are Members of the Classes Affected By The Actions And The Settlements?        Page [___]
How Do I Participate In The Settlements? What Do I Need To Do?                      Page [___]
How Much Will My Payment Be?                                                       Page [___]
What Payment Are The Attorneys For The Classes Seeking?
    How Will The Lawyers Be Paid?                              Page [___]
What If I Do Not Want To Be A Member Of The Federal Class?
    How Do I Exclude Myself?                                   Page [___]
When And Where Will The Courts Decide Whether To Approve The
    Settlements? Do I Have To Come To The Hearings? May I Speak At
    One Or More Of The Hearings If I Don't Like The Settlement(s)?   Page [___]
What If I Bought Or Held Shares On Someone Else's Behalf?                           Page [___]
Can I See The Court File? Whom Should I Contact If I Have
    Questions?                                                 Page [___]
Appendix A: Proposed Plans Of Allocation For The Net Settlement Funds              Page [___]

| WHY DID I GET THIS NOTICE? | |
|---|---|

7.    The Courts overseeing the Actions that will be resolved by the proposed Settlements directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have held Towers common stock on October 1, 2015 and/or January 4, 2016. The Courts have directed us to send you this Notice because, as a potential member of one or both of the Classes, you have a right to know about your options before the Courts rule on the proposed Settlements. Additionally, you have the right to understand how these class action lawsuits may generally affect your legal rights. If the Courts approve the Settlements, the Claims Administrator approved by the Court will make payments pursuant to the Settlements after any objections and appeals are resolved.

8.    The purpose of this Notice is to inform you (i) of the existence of the Actions; (ii) that the Federal Action has been certified as a class action and the Delaware Action has been conditionally certified as a class action for settlement purposes; (iii) how you might be affected by the Actions; (iv) how to exclude yourself from the Federal Class, if you wish to do so; (v) of the terms of the proposed Settlements of the two Actions; and (vi) of the hearings to be held by the Courts to consider the fairness, reasonableness, and adequacy of the respective Settlements, the proposed Plans of Allocation, and the motions by Class Counsel for an award of attorneys' fees and payment of litigation expenses in each Action. *See* ¶¶ 70-71 below for details about the Settlement Hearings, including the date and location of the hearings.

9.    The issuance of this Notice is not an expression of any opinion by the Courts concerning the merits of any claim in the Actions, and the Courts still have to decide whether to approve the

Settlements. If the Courts approve the Settlements and a plan of allocation for each Settlement, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

## WHAT IS THIS LITIGATION ABOUT?

10.  Prior to the Merger, Towers was a global professional services firm focused on helping organizations improve performance through risk management, human resources, and actuarial and investment consulting, which traded on the NASDAQ under the ticker TW. Willis was a global risk advisor, insurance brokerage, and reinsurance brokerage company headquartered in London and incorporated under the laws of Ireland. Towers and Willis announced their proposed Merger to form WTW on June 30, 2015. The Merger was approved following a vote on December 11, 2015 of Towers stockholders as of October 1, 2015, the record date to be eligible to vote on the Merger. The Merger closed on January 4, 2016. Prior to the closing, holders of Towers common stock received a $10 special dividend for every share of Towers stock held on December 29, 2015. At the Merger's closing, holders of Towers common stock as of the close of trading on January 4, 2016 received 2.649 shares of Willis stock for every share of Towers stock held.

### The Federal Action

11.  On November 21, 2017, a putative class action was brought against the Federal Defendants in the Federal Court alleging violations of the securities laws in connection with the proxy solicitations for the Merger. By Order dated February 20, 2018, the Federal Court appointed The Regents of the University of California as Lead Plaintiff for the Federal Action and approved Federal Lead Plaintiff's selection of Bernstein Litowitz Berger & Grossmann LLP as Federal Class Counsel and Susan R. Podolsky as Liaison Counsel for the Federal Action.

12.  On March 9, 2018, Federal Lead Plaintiff filed an Amended Complaint (the "Federal Complaint") in the Federal Action alleging claims against WTW, Towers, Willis, Haley, and Casserley (the "TW/Willis Defendants") under Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder, and "control person" claims against Ubben and ValueAct (the "Ubben/ValueAct Defendants"), Haley, and Casserley under Section 20(a) of the Exchange Act. Federal Lead Plaintiff alleges that the proxy materials jointly issued by Towers and Willis in 2015 in order to obtain stockholder approval for the Merger were misleading because they failed to disclose an alleged conflict of interest possessed by Haley, who was then Towers' Chairman and CEO and led the Merger negotiations on behalf of Towers, and who was also the proposed CEO of the merged company. Federal Lead Plaintiff alleges that this undisclosed conflict of interest on the part of Haley rendered certain statements in the proxy materials false and misleading. Federal Lead Plaintiff also alleges that the proxy materials falsely described the Merger negotiations as arm's-length negotiations between Haley and Willis CEO Casserley and failed to disclose the role allegedly played by Ubben and ValueAct in negotiating the Merger and soliciting votes in favor of the Merger. Federal Lead Plaintiff alleges that Towers shareholders were damaged by the alleged material misrepresentations and omissions in the proxy materials.

13.   On April 13, 2018, the TW/Willis Defendants and the Ubben/ValueAct Defendants separately filed motions to dismiss the Federal Complaint.  The motions were fully briefed, and the Federal Court held oral argument on the motions on May 18, 2018.

14.   On July 11, 2018, the Federal Court issued a Memorandum Opinion and Order granting the Federal Defendants' motions to dismiss the Federal Complaint.  On July 30, 2018, Federal Lead Plaintiff filed a notice of appeal of the dismissal to the United States Court of Appeals for the Fourth Circuit (the "Fourth Circuit").  On August 30, 2019, following briefing and oral argument, the Fourth Circuit reversed the dismissal of the Federal Action and remanded the Federal Action to the Federal Court.

15.   On November 8, 2019, the TW/Willis Defendants and the Ubben/ValueAct Defendants separately filed renewed motions to dismiss the Federal Complaint.  The renewed motions were fully briefed, and the Federal Court held oral argument on the renewed motions on December 20, 2019.  On January 31, 2020, the Federal Court issued a Memorandum Opinion and Order denying Defendants' renewed motions to dismiss the Federal Complaint.

16.   On February 4, 2020, the TW/Willis Defendants moved to certify the Federal Court's order denying the Federal Defendants' renewed motions to dismiss for appeal and for a continued stay of the proceedings.  The Federal Court denied the motion to stay discovery by order dated February 6, 2020, and, on February 25, 2020, the Federal Court issued an order denying the motion to certify.  The Federal Action proceeded to discovery.

17.   On February 14, 2020, the TW/Willis Defendants and the Ubben/ValueAct Defendants separately filed their Answers to the Federal Complaint.

18.   Between February and August 2020, the parties in the Federal Action (together with certain third parties) produced more than one (1) million pages of documents in response to document requests and subpoenas, took eighteen (18) depositions, including six (6) expert depositions, and responded to scores of interrogatories and requests for admission.  In the course of litigation, the parties in the Federal Action retained experts on corporate governance, executive compensation, and damages, among other areas.

19.   On June 12, 2020, Federal Lead Plaintiff filed its motion for class certification of the Federal Action.  The class certification motion was fully briefed, and, on July 29, 2020, the Federal Court held oral argument on the motion.

20.   On August 24, 2020, Federal Lead Plaintiff and the Federal Defendants filed their pre-trial submissions, which included deposition transcript designations, witness lists, and exhibit lists, and the Federal Court thereafter set a trial date of March 15, 2021.

21.   On September 4, 2020, the Federal Court certified a class for the Federal Action, consisting of all persons and entities that were Towers shareholders of record as of both October 1, 2015, the record date for Towers shareholders to be eligible to vote on the Merger, and January 4, 2016, the date the Merger closed, and who were allegedly damaged thereby.  The Federal Court appointed Federal Lead Plaintiff as class representative for the Federal Class, and Bernstein Litowitz Berger & Grossmann LLP as Federal Class Counsel.  On November 4, 2020, following oral argument and briefing by the parties, the Federal Court modified the definition of the certified Federal Class to include both record and beneficial holders of Towers common stock.

22.   On October 16, 2020, the TW/Willis Defendants and the Ubben/ValueAct Defendants separately filed motions for summary judgment in the Federal Action and motions to exclude Federal Lead Plaintiff's proposed experts, while Federal Lead Plaintiff filed a motion to exclude certain of Defendants' experts.

**The Delaware Action**

23.   On February 27, 2018 and March 8, 2018, Delaware Lead Plaintiffs, City of Fort Myers General Employees' Pension Fund and Alaska Laborers-Employers Retirement Trust, respectively, brought putative class actions in the Delaware Court against (i) Haley and Towers' board of directors (the "TW Defendants") for breaches of fiduciary duty in connection with the Merger and (ii) Willis and ValueAct for aiding and abetting thereof.  These actions were subsequently consolidated.

24.   On June 5, 2018, the Court granted Delaware Lead Plaintiffs' petition to be appointed Lead Plaintiffs in the Delaware Action and for their counsel, Kessler Topaz Meltzer & Check, LLP and Grant & Eisenhofer P.A., to be appointed Lead Counsel for the Delaware Action.

25.   On October 31, 2018, Delaware Lead Plaintiffs filed an Amended Complaint (the "Delaware Complaint") alleging claims against (i) the TW Defendants for breaches of fiduciary duty in connection with the Merger and (ii) against Ubben, who Delaware Lead Plaintiffs added as a defendant, and ValueAct for aiding and abetting thereof.  Delaware Lead Plaintiffs alleged, among other things, that Haley breached his fiduciary duties by not disclosing to Towers' board or stockholders an alleged conflict of interest he had with respect to the Merger, and by not negotiating the Merger at arm's-length.  Delaware Lead Plaintiffs further alleged that the Ubben/ValueAct Defendants induced Haley's breaches of fiduciary duty, and allegedly exploited his conflicts of interest during the Merger negotiations.

26.   On January 11, 2019, the TW Defendants and the Ubben/ValueAct Defendants separately filed briefs in support of their motions to dismiss the Delaware Complaint.  On July 25, 2019, after full briefing and oral argument, the Delaware Court issued a Memorandum Opinion granting the motions to dismiss the Delaware Complaint.

27.   On August 22, 2019, Delaware Lead Plaintiffs filed a notice of appeal of the Delaware Court's dismissal of Delaware Lead Plaintiffs' claims against Haley and the Ubben/ValueAct Defendants to the Delaware Supreme Court.

28.   On May 21, 2020, the Parties to the Federal Action and the Delaware Action participated in a mediation before the Honorable Layn Phillips.  The mediation did not result in a resolution of the Action.  In connection with the mediation, the Delaware Defendants produced significant discovery to Delaware Lead Plaintiffs so that Delaware Lead Plaintiffs could effectively discuss the strengths and weaknesses of the litigation with the mediator.  In addition, Delaware Lead Plaintiffs engaged an expert to advise them in connection with the mediation.

29.   On June 30, 2020, following full briefing on the appeal, the Delaware Supreme Court reversed the Delaware Court's dismissal of Delaware Lead Plaintiffs' claims against Haley, and directed the Delaware Court to consider Delaware Lead Plaintiffs' aiding and abetting claims against the Ubben/ValueAct Defendants on remand.

30.   On July 27, 2020, Delaware Lead Plaintiffs filed their motion for class certification of the Delaware Action and opening brief in support thereof.

31.   On August 19, 2020, the Ubben/ValueAct Defendants filed a renewed motion to dismiss Lead Plaintiffs' aiding and abetting claims.  On September 3, 2020, Delaware Lead Plaintiffs filed a motion to strike certain portions of the Ubben/ValueAct Defendants' opening brief in support of their renewed motion to dismiss.  At the time the Delaware Settlement was reached, both of these motions were fully briefed and oral argument before the Delaware Court was scheduled for December 1, 2020.

32.   On September 14, 2020, Haley filed his Answer to the Delaware Complaint.

33.   Prior to reaching an agreement in principle to settle, the parties in the Delaware Action had completed substantial discovery.  Between August 12 and September 25, 2020, Haley produced over 706,000 pages of documents to the Delaware Lead Plaintiffs, including documents produced and transcripts of depositions taken in the Federal Action and an appraisal action captioned *In re Appraisal of Towers Watson & Co. (n/k/a/ WTW Delaware Holdings LLC)*, Consol. C.A. No. 12064-CB (Del. Ch.).  On August 21, 2020, Haley served Delaware Lead Plaintiffs with twenty-three interrogatories and sixty-three requests for the production of documents.  In September 2020, Delaware Lead Plaintiffs served Haley with their responses and objections to his interrogatories and requests for production, which collectively totaled over 150 pages, and, in October 2020, produced documents responsive to his requests that totaled over 1,000 pages.  Delaware Lead Plaintiffs also served a subpoena on a non-party, Driehaus Capital Management LLC, which subsequently produced over 172,000 pages of documents to Delaware Lead Plaintiffs.  In October 2020, Delaware Lead Plaintiffs also served a request for production of documents on the Ubben/ValueAct Defendants.

### The Settlement of the Actions

34.   As noted above, the Parties participated in a mediation before the Honorable Layn Phillips on May 21, 2020.  The mediation did not result in a resolution of the Actions.

35.   Following the unsuccessful mediation, the Parties continued to engage with each other to reach a resolution.  Starting in October 2020, the Parties engaged in several weeks of back and forth settlement negotiations.  On November 19, 2020, the Parties reached an agreement in principle to settle the Actions for a total of $90 million, with the Federal Action to be settled for $75 million, and the Delaware Action to be settled for $15 million.  The settlement of the Federal Action is conditioned on final approval of the settlement of the Delaware Action and vice versa.

36.   On January 15, 2021, Federal Lead Plaintiff and the Federal Defendants entered into the Stipulation and Agreement of Settlement for the Federal Action (the "Federal Stipulation"), which sets forth the terms and conditions of the Federal Settlement, and Delaware Lead Plaintiffs and the Delaware Defendants entered into the Stipulation and Agreement of Settlement for the Delaware Action (the "Delaware Stipulation"), which sets forth the terms and conditions of the Delaware Settlement.  The Stipulations are available at www.WillisTowersWatsonShareholderLitigation.com.

37.   On _____, 2021, the Federal Court entered an Order preliminarily approving the Federal Settlement, and, on _____, 2021, the Delaware Court entered an Order preliminarily approving the Delaware Settlement.  These Orders authorized this Notice to be disseminated to potential members of the Classes and scheduled the Settlement Hearings to consider whether to grant final approval of the respective Settlements.

11

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENTS? WHO IS INCLUDED IN THE CLASSES?

38.  If you are a member of the Federal Class, you are subject to the terms of the Federal Settlement, unless you timely request to be excluded, as explained in ¶ 64 of this Notice.

39.  The **Federal Class** consists of:

> all persons and entities that were Towers shareholders, including shareholders of record and beneficial owners, as of both October 1, 2015, the record date for Towers shareholders to be eligible to vote on the Merger of Towers and Willis, and January 4, 2016, the date the Merger transaction between Towers and Willis closed, and who were allegedly damaged thereby.

Excluded from the Federal Class are:

> the Federal Defendants; the members of the Immediate Family of any Individual Defendant in the Federal Action; any person who was an Officer or director of WTW, Willis, Towers, or ValueAct as of October 1, 2015; any firm, trust, corporation, or other entity in which any Federal Defendant has or had a controlling interest; any employee retirement and benefit plans of WTW, Willis, Towers, or ValueAct; the Federal Defendants' directors' and officers' liability insurance carriers and any affiliates or subsidiaries of those carriers; any Towers shareholder that completed the exercise of his, her, or its right to appraisal of his, her or its shares under Delaware law, including through a settlement of any litigation initiated by any former Towers shareholder to pursue appraisal rights related to the Merger; and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any of the foregoing excluded parties. Also excluded from the Federal Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of One Of The Classes? How Do I Exclude Myself?" on page __ below.

To be a Federal Class Member, you do not need to have held all the Towers shares that you owned on October 1, 2015 until January 4, 2016. You need only have continued to own at least some of that Towers common stock that you held on October 1, 2015 as of January 4, 2016. You are excluded from the Federal Class if you sold all of your Towers shares before January 4, 2016. Any of your shares which were sold between October 1, 2015 and January 4, 2016 will not be eligible for recovery in the Settlements. If you held more Towers shares on January 4, 2016 than you held on October 1, 2015, then only the shares you held on October 1, 2015 are eligible for recovery in the Federal Settlement.

40.  If you are a member of the Delaware Class, you are subject to the terms of the Delaware Settlement. The Delaware Class has been conditionally certified as a non-opt-out class. You do not have the opportunity to exclude yourself from the Delaware Class.

41.  The **Delaware Class** consists of:

> all former record and beneficial owners of the common stock of Towers at any time during the period from June 29, 2015 through and including January 4, 2016, together with their successors and assigns.

Excluded from the Delaware Class are:

> the Delaware Defendants and any person(s), firm, trust, corporation or other entity related to or affiliated with them and their successors in interest. Also excluded from the Delaware Class is any Towers stockholder that completed the exercise of his, her, or its right to appraisal of his, her, or its Towers shares under Delaware law, including through a settlement of any litigation initiated to pursue appraisal rights related to the Merger by any Towers stockholder.

To be a member of the Delaware Class and be eligible to recover in the Delaware Settlement, you only need to have held Towers shares on January 4, 2016.

**PLEASE NOTE:  Receipt of this Notice does not necessarily mean that you are a member of one of the Classes or that you will be entitled to a payment from the Settlements.**

**If you are a member of one or more of the Classes and you wish to be eligible to receive a payment from the Settlements, you are required to submit the Claim Form that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked no later than _____, 2021.**

| WHAT ARE PLAINTIFFS' REASONS FOR THE SETTLEMENTS? |
| --- |

42.  Lead Plaintiffs and Class Counsel believe that the claims asserted against Defendants in the Actions have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants in the Actions through summary judgment, trial, and appeals, as well as the very substantial risks they would face in establishing liability and damages.

43.  Lead Plaintiffs in both Actions would have faced substantial risks in establishing Haley's alleged conflict of interest in connection with the Merger, which was the basis for both Federal Lead Plaintiff's proxy violation claims and Delaware Lead Plaintiffs' fiduciary duty claims.  For example, Plaintiffs in both Actions alleged that Haley had a conflict of interest with respect to the Merger as a result of a September 10, 2015 meeting at which Ubben allegedly presented Haley with a written compensation proposal that Plaintiffs contend showed Haley could potentially make up to five times more at WTW.  Defendants would contend, among other things, that Defendants did not need to disclose the alleged September 10, 2015 compensation-related discussion in Towers' proxy solicitation materials, because Haley and Ubben never reached an agreement on Haley's compensation during the meeting and because Ubben did not have the authority to negotiate on behalf of the future board of WTW.  In addition, Defendants would argue, among other things, that Haley's ultimate compensation at WTW differed from the compensation that Haley and Ubben allegedly discussed, and that Haley was not, in fact, conflicted, but sought to maximize the consideration paid to Towers shareholders as part of the Merger renegotiations. Furthermore, the Ubben/ValueAct Defendants would have argued that they did not control any of the TW/Willis Defendants.

44.  In addition, Federal Lead Plaintiff would have faced additional substantial risks in showing that the September 10, 2015 meeting between Haley and Ubben was a material fact, the omission of which rendered the proxy statements misleading.  Federal Defendants would argue, among other things, that Towers shareholders would not have viewed the September 10, 2015

meeting as important in deciding how to vote on the Merger by asserting that the proposal shown to Haley during the meeting aligned his interests with the interests of shareholders, highlighting that WTW's stock price did not move when Haley's WTW compensation plan was publicly announced, and arguing that Haley's WTW compensation plan was ultimately approved by WTW's shareholders. The Ubben/ValueAct Defendants also would have argued that they lacked the scienter necessary to be a culpable participant in any alleged securities violation. Federal Lead Plaintiff would also have faced hurdles in establishing "loss causation"—proving that alleged misstatements in the proxy statements were the cause of investors' alleged losses—and in proving damages in the Federal Action. Federal Defendants would argue, among other things, that the Merger announcement on June 30, 2015 signaled to the market that Towers stock was previously overvalued, and thus investors were not damaged by Federal Defendants' actions. Further, Federal Defendants would argue, among other things, that Federal Lead Plaintiff's damages theory relied on a series of assumptions that Lead Plaintiff would not be able to prove at trial.

45.    Delaware Lead Plaintiffs would have also faced additional substantial risks in showing that Haley breached his fiduciary duties by not (i) disclosing to Towers' board of directors the compensation proposal he allegedly discussed with Ubben on September 10, 2015; or (ii) negotiating the Merger at arm's-length. Delaware Defendants would argue, among other things, that they acted at all times reasonably, in good faith, and in the best interests of Towers' stockholders. Delaware Defendants would further argue, among other things, that a reasonable Towers' director would not have considered the September 10, 2015 meeting important in deciding how to vote on the Merger, highlighting that Towers' directors already knew Haley would receive increased compensation as WTW's CEO. Delaware Defendants would also argue, among other things, that Haley negotiated the Merger with Willis, and not with the Ubben/ValueAct Defendants, with oversight from the Towers' board of directors, which ensured that the Merger was negotiated at arm's-length. The Ubben/ValueAct Defendants would further argue, among other things, that they did not present the alleged compensation proposal to Haley on September 10, 2015 to induce him to breach his fiduciary duties, highlighting that the Merger was not at risk until November 2015, when Institutional Shareholder Services and Glass Lewis & Co. recommended that Towers' stockholders not vote in favor of the Merger. The Ubben/ValueAct Defendants also would have argued that they did not knowingly participate in any alleged disclosures made to the Towers' board of directors or Towers stockholders. Delaware Defendants would further argue, among other things, that the Merger consideration was fair to Towers' stockholders and that Delaware Lead Plaintiffs' damages theory relied on a series of assumptions they would be unable to prove at trial.

46.    In light of these risks, the amount of the Settlements, and the immediacy of recovery to the Classes, Plaintiffs and Class Counsel believe that the proposed Settlements are fair, reasonable, and adequate, and in the best interests of the respective Classes. Plaintiffs and Class Counsel believe that each of the Settlements provides a substantial benefit to the applicable Class, as compared to the risk that the claims asserted would produce a smaller recovery, or no recovery, after summary judgment, trial, and appeals, possibly years in the future.

47.    Defendants have vigorously denied and continue to deny each and all of the claims asserted against them in the Actions and deny that members of the Classes were harmed or suffered any damages as a result of the conduct alleged in the Actions. Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out

of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Actions.  Defendants have agreed to the Settlements solely to eliminate the burden and expense of continued litigation.  Accordingly, neither of the Settlements may be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENTS?

48.    If there were no Settlements and Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants in either of the Actions, neither Plaintiffs nor the other members of the Classes would recover anything from Defendants in the Actions.  Also, if Defendants were successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, members of the Classes could recover substantially less than the amounts provided in the Settlements, or nothing at all.

## HOW ARE MEMBERS OF THE CLASSES AFFECTED
## BY THE ACTIONS AND THE SETTLEMENTS?

49.    If you are a member of the Federal Class, you are represented by Federal Lead Plaintiff and Federal Class Counsel, and if you are a member of the Delaware Class, you are represented by Delaware Lead Plaintiffs and Delaware Class Counsel, unless you enter an appearance in the applicable Court through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf in the applicable Court and must serve copies of his or her appearance on the applicable attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlements?," on page __ below.

50.    If you are a member of the Federal Class and you do not exclude yourself from the Federal Class, you will be bound by any orders issued by the Federal Court relating to the Federal Action.  If you are a member of the Federal Class and do not wish to remain a member of the Federal Class, you may exclude yourself by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Federal Class?  How Do I Exclude Myself?," on page __ below.  If you are a member of the Delaware Class, you will be bound by any orders issued by the Delaware Court relating to the Delaware Settlement.  **Note:** The Delaware Class is conditionally certified as a non-opt-out class.  You do not have the opportunity to exclude yourself from the Delaware Class.

51.    If you are a member of either Class and you wish to object to the Settlement, the Plans of Allocation, or Class Counsel's application(s) for attorneys' fees and litigation expenses in the Action(s) for which you are a class member, you may present your objections by following the instructions in the section entitled, "When And Where Will The Courts Decide Whether To Approve The Settlements?," on page __ below.

52.    If the Federal Settlement is approved, the Federal Court will enter a judgment (the "Federal Judgment").  The Federal Judgment will dismiss the claims against the Federal Defendants in the Federal Action and will provide that, upon the Effective Date, members of the Federal Class, on behalf of themselves, and their respective legal representatives, heirs, executors, administrators, estates, predecessors, successors, predecessors-in-interest, successors-in-interest, and assigns, and any person or entity acting for or on behalf of, or claiming under,

any of them, and each of them, in their respective capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Federal Released Plaintiffs' Claim[4] against the Federal Defendants and the other Federal Defendants' Releasees,[5] and will forever be barred and enjoined from prosecuting any or all of the Federal Released Plaintiffs' Claims against any of the Federal Defendants' Releasees.

53.    If the Delaware Settlement is approved, the Delaware Court will enter a judgment (the "Delaware Judgment").  The Delaware Judgment will dismiss the claims against the Delaware Defendants in the Delaware Action and will provide that, upon the Effective Date, members of the Delaware Class, on behalf of themselves, and their respective legal representatives, heirs, executors, administrators, estates, predecessors, successors, predecessors-in-interest, successors-in-interest, and assigns, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, in their respective capacities as such, will have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and

---

[4] "Federal Released Plaintiffs' Claims" means all actions, causes of action, suits, liabilities, claims, rights of action, debts, sums of money, covenants, contracts, controversies, agreements, promises, damages, contributions, indemnities, and demands of every nature and description, whether or not currently asserted, known, suspected, existing, or discoverable, whether arising under federal, state, common, or foreign law, whether based on contract, tort, statute, law, equity, or otherwise, that Federal Lead Plaintiff or any other member of the Federal Class (a) asserted in the Federal Complaint or (b) ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity, for, upon, arising from, relating to, or by reason of any matter, cause, or thing whatsoever, that, in full or in part, concerns, relates to, arises out of, or is any way connected to the claims, allegations, transactions, facts, circumstances, events, acts, disclosures, statements, representations, omissions, or failures to act alleged, set forth, referred to, involved in, or that could have been raised in the Federal Action, or that otherwise arise out of, are based upon, relate to, or concern in any way either the Merger, the Proxy Materials issued in connection with the stockholder votes on the Merger, any other disclosures relating to or concerning the Merger, ownership of Towers or Willis stock, Haley's Towers or WTW compensation, or the control or participation of any Federal Defendant with respect to the foregoing events.  "Federal Released Plaintiffs' Claims" specifically includes, without limitation, all Unknown Claims (defined below).  However, Federal Released Plaintiffs' Claims do not include, and the Federal Settlement does not release or impair:  (a) the claims for breaches of fiduciary duty and aiding and abetting breaches of fiduciary duty asserted in the Delaware Action (which claims are being released in connection with the Delaware Settlement); or (b) any claims to enforce the Federal Settlement.

[5] "Federal Defendants' Releasees" means each and all of the following: (i) each and every Federal Defendant; (ii) Federal Defendants' respective past, present, and future, direct and indirect, parents, affiliates, subsidiaries, related entities, divisions, partnerships, corporations, general partners, limited partners, members, and any entity in which any Federal Defendant has or had a controlling interest; and (iii) the past, present, and future Immediate Family members, heirs, beneficiaries, principals, trustees, trusts, executors, administrators, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, members, agents, subsidiaries, employees, officers, managers, directors, general partners, limited partners, distributees, bankers, lenders, attorneys, accountants, auditors, representatives, estates, divisions, advisors, estate managers, indemnifiers, insurers (including, but not limited to, Directors and Officers Liability Program Insurers), reinsurers, and consultants of each of the persons and entities listed in subparts (i) or (ii) of this definition.

every Delaware Released Plaintiffs' Claim[6] against the Delaware Defendants and the other Delaware Defendants' Releasees,[7] and will forever be barred and enjoined from prosecuting any or all of the Delaware Released Plaintiffs' Claims against any of the Delaware Defendants' Releasees.

54. The Federal Judgment will also provide that, upon the Effective Date, the Federal Defendants, on behalf of themselves, and their respective legal representatives, heirs, executors, administrators, estates, predecessors, successors, predecessors-in-interest, successors-in-interest, and assigns, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, in their respective capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every

---

[6] "Delaware Released Plaintiffs' Claims" means all actions, causes of action, suits, liabilities, claims, rights of action, debts, sums of money, covenants, contracts, controversies, agreements, promises, damages, contributions, indemnities, and demands of every nature and description, whether or not currently asserted, known, suspected, existing, or discoverable, whether arising under federal, state, common or foreign law, whether based on contract, tort, statute, law, equity, or otherwise, that Delaware Lead Plaintiffs or any other member of the Delaware Class (i) asserted in the Delaware Complaint or (ii) ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity, for, upon, arising from, relating to, or by reason of any matter, cause, or thing whatsoever, that, in full or in part, concerns, relates to, arises out of, or in any way connected with the claims, allegations, transactions, facts, circumstances, events, acts, disclosures, statements, representations, omissions, or failures to act alleged, set forth, referred to, involved in, or that could have been raised in the Action, or that otherwise arise out of, are based upon, relate to, or concern in any way either the Merger, the Proxy Materials issued in connection with the stockholder votes on the Merger, any other disclosures relating to or concerning the Merger, ownership of Towers or Willis stock, Haley's Towers or WTW compensation, or the control or participation of any of Delaware Defendants' Releasees with respect to the foregoing events. However, Delaware Released Plaintiffs' Claims do not include, and the Delaware Settlement and the Delaware Stipulation do not release or impair: (i) the claims asserted in the Federal Action under Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (which claims are being released in connection with the Federal Settlement) by any member of the Federal Class who submits a valid request for exclusion from the Federal Class; or (ii) any claims to enforce the Delaware Settlement. "Delaware Released Plaintiffs' Claims" specifically includes, without limitation, all Unknown Claims (defined below).

[7] "Delaware Defendants' Releasees" means each and all of the following: (i) each and every Delaware Defendant; (ii) each of the former members of the Board of Directors of Towers, including Victor F. Ganzi, Leslie S. Heisz, Brendan R. O'Neill, Linda D. Rabbitt, Gilbert T. Ray, Paul Thomas, and Wilhelm Zeller; (iii) Towers, Willis, WTW, and ValueAct, and each of their respective past, present, and future, direct and indirect parents, affiliates, subsidiaries, related entities, divisions, partnerships, corporations, general partners, limited partners, members, and any entity in which any Delaware Defendant has or had a controlling interest; and (iv) the past, present, and future Immediate Family members, heirs, beneficiaries, principals, trustees, trusts, executors, administrators, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, members, agents, subsidiaries, employees, officers, managers, directors, general partners, limited partners, distributees, bankers, lenders, attorneys, accountants, auditors, representatives, estates, divisions, advisors, estate managers, indemnifiers, insurers (including, but not limited to, Directors and Officers Liability Program Insurers), consultants, and reinsurers of each of the persons listed in subparts (i)- (iii) of this definition.

Federal Released Defendants' Claim[8] against the Federal Plaintiffs' Releasees[9], and will forever be barred and enjoined from prosecuting any or all of the Federal Released Defendant Claims against any of the Federal Plaintiffs' Releasees.

55.    The Delaware Judgment will also provide that, upon the Effective Date, the Delaware Defendants, on behalf of themselves, and their respective legal representatives, heirs, executors, administrators, estates, predecessors, successors, predecessors-in-interest, successors-in-interest, and assigns, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, in their respective capacities as such, will have fully, finally and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Delaware Released Defendants' Claim[10] against the Delaware Plaintiffs' Releasees[11], and will forever be barred and enjoined from prosecuting any or all of the Delaware Released Defendants' Claims against any of the Delaware Plaintiffs' Releasees.

56.    "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiffs or any other members of the Classes do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, and which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to the Settlements.  With respect to any and all Released Claims, the Parties to the Federal

---

[8] "Federal Released Defendants' Claims" means all actions, causes of action, suits, liabilities, claims, rights of action, debts, sums of money, covenants, contracts, controversies, agreements, promises, damages, contributions, indemnities, and demands of every nature and description, whether or not currently asserted, known, suspected, existing, or discoverable (including Unknown Claims), whether arising under federal, state, common, or foreign law, whether based on contract, tort, statute, law, equity or otherwise, that, in full or in part, concerns, relates to, arises out of, or is any way connected to the institution, prosecution, or settlement of the claims asserted in the Federal Action against the Federal Defendants, except for claims relating to the enforcement of the Federal Settlement and the Federal Stipulation.

[9] "Federal Plaintiffs' Releasees" means Federal Lead Plaintiff, all other plaintiffs in the Federal Action, and all other Federal Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family members, insurers, reinsurers, and attorneys.

[10] "Delaware Released Defendants' Claims" means all actions, causes of action, suits, liabilities, claims, rights of action, debts, sums of money, covenants, contracts, controversies, agreements, promises, damages, contributions, indemnities, and demands of every nature and description, whether or not currently asserted, known, suspected, existing, or discoverable, whether arising under federal, state, common, or foreign law, whether based on contract, tort, statute, law, equity or otherwise, that, in full or in part, concern, relate to, arise out of, or are any way connected to, the institution, prosecution, or settlement of the claims asserted in the Delaware Action against the Delaware Defendants, except for claims relating to the enforcement of the Delaware Settlement and the Delaware Stipulation.  "Delaware Released Defendants' Claims" specifically includes, without limitation, all Unknown Claims.

[11] "Delaware Plaintiffs' Releasees" means Delaware Lead Plaintiffs, all other plaintiffs in the Delaware Action, and all other Delaware Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family members, insurers, reinsurers, and attorneys.

Stipulation and Delaware Stipulation stipulate and agree that, upon the Effective Date of the Settlements, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the applicable Federal or Delaware Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Lead Plaintiffs and Defendants acknowledge, and each of the other members of the Classes shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of each of the Settlements.

## HOW DO I PARTICIPATE IN THE SETTLEMENTS?  WHAT DO I NEED TO DO?

57.    To be eligible for a payment from the Settlements, you must be a member of one or more of the Classes, and you must timely complete and return the Claim Form with adequate supporting documentation ***postmarked*** **no later than _____, 2021**.  A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.WillisTowersWatsonShareholderLitigation.com.   You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-800-983-6133 or by emailing the Claims Administrator at info@WillisTowersWatsonShareholderLitigation.com.   Please retain all records of your ownership of and transactions in Towers common stock during the relevant time period, as they will be needed to document your Claim.  The Parties and Claims Administrator do not have information about your transactions in Towers common stock.  **You only need to submit one Claim Form for both Settlements.**  Your submission will be reviewed to determine if you are eligible for a payment from the Federal Settlement, the Delaware Settlement, or both.

## HOW MUCH WILL MY PAYMENT BE?

58.    At this time, it is not possible to make any determination as to how much any individual member of the Classes may receive from the Settlements, if they are approved.

59.    If the Settlements are approved by the Courts and the Effective Date occurs, the Federal Net Settlement Fund and Delaware Net Settlement Fund (the "Net Settlement Funds") will be distributed to members of the respective Classes who submit valid Claim Forms, in accordance with the proposed Plans of Allocation or such other plans of allocation as the Courts may approve.

60. The Net Settlement Funds will not be distributed unless and until the Courts have approved the Settlements and a plan of allocation for each Settlement, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

61. **Appendix A to this Notice sets forth the proposed Plans of Allocation for allocating the Net Settlement Funds among Authorized Claimants.** At the Federal Settlement Hearing, Federal Lead Plaintiff will request that the Federal Court approve the Federal Plan of Allocation, and at the Delaware Settlement Hearing, Delaware Lead Plaintiffs will request that the Delaware Court approve the Delaware Plan of Allocation. The Courts may modify the respective Plans of Allocation, or approve different plans of allocation, without further notice to the Classes.

| WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASSES SEEKING? HOW WILL THE LAWYERS BE PAID? |
| --- |

62. Class Counsel have not received any payment for their services in pursuing claims against Defendants in the Actions on behalf of the Classes, and have advanced the funds to pay expenses necessarily incurred to prosecute the Actions. Before final approval of the Settlements, Class Counsel will apply separately to the Courts for awards of attorneys' fees in amounts not to exceed 25% of the respective Settlement Funds. In addition, Federal Class Counsel will apply to the Federal Court for payment of its litigation expenses paid or incurred in connection with the institution, prosecution, and resolution of the Federal Action in an amount not to exceed $2,000,000, which may include an application for payment of the reasonable costs and expenses incurred by Federal Lead Plaintiff directly related to its representation of the Federal Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(4); and Delaware Class Counsel will apply to the Delaware Court for payment of its litigation expenses paid or incurred in connection with the institution, prosecution, and resolution of the Delaware Action in an amount not to exceed $250,000. The Courts will determine the amount of any award of attorneys' fees or litigation expenses in each of the respective Actions. Any fees and litigation expenses awarded by the Courts will be paid from the applicable Settlement Fund only (Federal Class Counsel will be paid from the Federal Settlement Fund only, and Delaware Class Counsel will be paid from the Delaware Settlement Fund only). Members of the Classes are not personally liable for any such fees or expenses.

| WHAT IF I DO NOT WANT TO BE A MEMBER OF THE FEDERAL CLASS? HOW DO I EXCLUDE MYSELF? |
| --- |

63. You have the right to exclude yourself from the Federal Class if you wish. Each member of the Federal Class will be bound by the determinations, orders, and judgments in the Federal Action, whether favorable or unfavorable, unless such person or entity submits a written request for exclusion from the Federal Class that is accepted by the Court. If you exclude yourself from the Federal Class, you will not be eligible for any payment from the Federal Settlement. **Note:** The Delaware Class is conditionally certified as a non-opt-out class. You do not have the opportunity to exclude yourself from the Delaware Class.

64. Each request for exclusion from the Federal Class must be in writing and must be mailed or delivered to *Willis Towers Watson Shareholder Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217, such that it is ***received* no later than**

20

**_____, 2021**. You will not be able to exclude yourself from the Federal Class after that date. Each request for exclusion must **(i)** state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; **(ii)** state that such person or entity "requests exclusion from the Federal Class in *In re Willis Towers Watson plc Proxy Litigation*, Master File No. 1:17-cv-1338 (E.D. Va.)"; **(iii)** state the number of shares of Towers common stock that the person or entity requesting exclusion (A) owned as of the close of trading on October 1, 2015 and (B) purchased/acquired and/or sold from October 1, 2015 through January 4, 2016, as well as the dates of each such purchase/acquisition and sale, and (C) owned as of the close of trading on January 4, 2016; and **(iv)** be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion from the Federal Class shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Federal Court. If you exclude yourself, you should understand that the Federal Defendants and the other Federal Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.

65. If you do not want to be part of the Federal Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Federal Released Plaintiffs' Claim against any of the Federal Defendant Releasees. Excluding yourself from the Federal Class is the only option that allows you to be part of any other lawsuit against any of the Federal Defendants or any of the other Federal Defendant Releasees concerning the Federal Released Plaintiffs' Claims.

66. If you are excluded from the Federal Class, you will not be eligible to receive any payment from the proceeds of the Federal Settlement Fund.

67. The Federal Defendants have the right to terminate the Federal Settlement if valid and timely requests for exclusion are received from persons and entities entitled to be members of the Federal Class in an amount that exceeds a certain aggregate percentage that the Parties to the Federal Action have agreed upon.

> **WHEN AND WHERE WILL THE COURTS DECIDE WHETHER TO APPROVE THE SETTLEMENTS? DO I HAVE TO COME TO THE HEARINGS? MAY I SPEAK AT ONE OR MORE OF THE HEARINGS IF I DON'T LIKE THE SETTLEMENT(S)?**

68. **Members of the Classes do not need to attend the Settlement Hearings. The Courts will consider any submission made in accordance with the provisions below even if a member of one of the Classes does not attend the hearing. You can participate in the Settlements without attending the Settlement Hearings.**

69. Please Note: The date and time of the Settlement Hearings may change without further written notice to the Classes. The current Coronavirus (COVID-19) pandemic is a fluid situation that creates the possibility that one or both of the Courts may decide to conduct its Settlement Hearing by video or telephonic conference, or otherwise allow class members to appear at the hearing by phone, without further written notice to the class. **In order to determine whether the date and time of either Settlement Hearing has changed, or whether class members**

must or may participate by phone or video, you should consult the settlement website, **www.WillisTowersWatsonShareholderLitigation.com**, before making any plans to attend either Settlement Hearing. Any updates regarding the Settlement Hearings, including any changes to the date or time of the hearings or updates regarding in-person or telephonic appearances at the hearings, will be posted to the settlement website, **www.WillisTowersWatsonShareholderLitigation.com**. Also, if either of the Courts requires or allows class members to participate in that Court's Settlement Hearing by video conference or telephone, the information needed for accessing the video or telephonic conference will be posted to **www.WillisTowersWatsonShareholderLitigation.com**.

70. **Federal Settlement Hearing:** The Settlement Hearing in the Federal Action will be held on _____, 2021 at __:__ _.m., before the Honorable Anthony J. Trenga at the United States District Court for the Eastern District of Virginia, Courtroom 701 of the Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314, to determine, among other things, (i) whether the proposed Federal Settlement on the terms and conditions provided for in the Federal Stipulation is fair, reasonable, and adequate to the Federal Class, and should be finally approved by the Federal Court; (ii) whether the Federal Action should be dismissed with prejudice against the Federal Defendants and the Releases specified and described in the Federal Stipulation (and in this Notice) should be granted; (iii) whether the proposed Federal Plan of Allocation should be approved as fair and reasonable; (iv) whether and in what amount any award of attorneys' fees and litigation expenses should be paid to Federal Class Counsel out of the Federal Settlement Amount.

71. **Delaware Settlement Hearing:** The Settlement Hearing in the Delaware Action will be held on _____, 2021 at __:__ _.m., before the Honorable Kathaleen McCormick, at the Court of Chancery, New Castle County, Leonard L. Williams Justice Center, 500 North King Street, Wilmington, DE 19801, to determine, among other things, (i) whether to finally certify the Delaware Class for settlement purposes only; (ii) whether Delaware Lead Plaintiffs and Delaware Class Counsel have adequately represented the Delaware Class; (iii) whether the proposed Delaware Settlement on the terms and conditions provided for in the Delaware Stipulation should be approved as fair, reasonable, and adequate to the Delaware Class and in the best interests of the Delaware Class; (iv) whether the Delaware Action should be dismissed with prejudice and all of the Released Claims against the Releasees specified and described in the Delaware Stipulation (and in this Notice) should be released; (v) whether a Judgment approving the Delaware Settlement should be entered; and (vi) whether and in what amount any award of attorneys' fees and litigation expenses should be paid to Delaware Class Counsel out of the Delaware Settlement Amount.

72. Each of the Courts reserves the right to approve the Settlements, the Plans of Allocation, and Class Counsel's motion for attorneys' fees and litigation expenses before it, and/or consider any other matter related to each of the Settlements, at or after the Settlement Hearings without further notice to the applicable Class Members.

73. Any objections to the Settlements or related matters must be in writing and filed with the applicable Court and submitted to applicable counsel as set forth in the following paragraphs. Only members of the Federal Class (*i.e.,* any person or entity that comes with the definition of the Federal Class and does not request exclusion) may object to the Federal Settlement, the proposed Federal Plan of Allocation, or the motion for attorneys' fees and litigation expenses in the Federal Action. Similarly, only members of the Delaware Class (*i.e.,* any person or entity

that comes with the definition of the Delaware Class) may object to the Delaware Settlement, the proposed Delaware Plan of Allocation, or the motion for attorneys' fees and litigation expenses in the Delaware Action.

## OBJECTIONS TO THE FEDERAL SETTLEMENT

74. Any Federal Class Member that does not request exclusion may object to the Federal Settlement, the proposed Federal Plan of Allocation, or Federal Class Counsel's motion for attorneys' fees and litigation expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Eastern District of Virginia at the address set forth below **on or before _____, 2021**. You must also serve the papers on Federal Class Counsel and on Federal Defendants' Counsel at the addresses set forth below so that the papers are ***received* on or before _____, 2021, and** you must email a copy of your objection to **settlements@blbglaw.com, john.neuwirth@weil.com, joshua.amsel@weil.com, and rickhorvath@paulhastings.com** by _____, 2021.

| **Clerk's Office** | **Federal Class Counsel** | **Federal Defendants' Counsel** |
|---|---|---|
| U.S. District Court for the Eastern District of Virginia Clerk of the Court Albert V. Bryan U.S. Courthouse 401 Courthouse Square, Alexandria, VA 22314 | Bernstein Litowitz Berger & Grossmann LLP Salvatore J. Graziano, Esq. 1251 Avenue of the Americas, 44th Floor New York, NY 10020 | Weil, Gotshal & Manges LLP John A. Neuwirth, Esq. 767 Fifth Avenue New York, NY 10153 and Paul Hastings LLP Richard S. Horvath, Jr. Esq. 101 California Street, 48th Floor San Francisco, CA 94111 |

75. Any objection to the Federal Settlement, the proposed Federal Plan of Allocation, or Federal Class Counsel's motion for attorneys' fees and litigation expenses in the Federal Action must (a) identify the case name and docket number, *In re Willis Towers Watson plc Proxy Litigation*, Master File No. 1:17-cv-1338 (E.D. Va.); (b) state the name, address, and telephone number of the person or entity objecting, and must be signed by the objector; (c) state with specificity the grounds for the Federal Class Member's objection, including any legal and evidentiary support the Federal Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Federal Class, or to the entire Federal Class; and (d) include documents sufficient to prove membership in the Federal Class, including documents showing the number of shares of Towers common stock that the objecting Federal Class Member (i) owned as the close of trading on October 1, 2015, (ii) purchased/acquired and/or sold from October 2, 2015 through January 4, 2016, as well as the dates of each such purchase/acquisition and sale, and (iii) owned as of the close of trading on January 4, 2016.

76. If you wish to be heard orally at the hearing in connection with your objection, assuming you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Federal Class Counsel and on Federal

Defendants' Counsel at the addresses set forth in ¶ 74 above such that it is received **on or before _____, 2021**.

**OBJECTIONS TO THE DELAWARE SETTLEMENT**

77.     At the Delaware Settlement Hearing, any Delaware Class Member who desires to do so may appear personally or by counsel, and show cause, if any, why the Delaware Settlement, in accordance with and as set forth in the Delaware Stipulation, should not be approved as fair, reasonable, and adequate and in the best interests of the Delaware Class; why the Delaware Judgment should not be entered in accordance with and as set forth in the Delaware Stipulation; or why the Delaware Court should not grant Delaware Class Counsel's application for an award of attorneys' fees and litigation expenses; provided, however, that unless the Delaware Court in its discretion otherwise directs, no Delaware Class Member, or any other person, shall be entitled to contest the approval of the terms and conditions of the Delaware Settlement (if approved) or the Judgment to be entered thereon, or the application for attorneys' fees and litigation expenses, and no papers, briefs, pleadings, or other documents submitted by any Delaware Class Member or any other person (excluding a party to the Delaware Stipulation) shall be received or considered, except by order of the Delaware Court for good cause shown, unless, no later than _____, **2021**, such person files with the Court at the address listed below, and serves upon the attorneys listed below: (i) a written notice of intention to appear that includes the name, address, and telephone number of the objector and, if represented by counsel, the name and address of the objector's counsel; (ii) proof of membership in the Delaware Class; (iii) a detailed statement of objections to any matter before the Delaware Court; and (iv) the grounds thereof or the reasons for wanting to appear and be heard, as well as all documents or writings the Delaware Court shall be asked to consider.  These writings must also be served by File & Serve*Xpress*, by hand, by first-class mail, or by express service upon the following attorneys such that they are received no later than _____, **2021**:

| **Register in Chancery** | **Delaware Class Counsel** | **Delaware Defendants' Counsel** |
|---|---|---|
| Register in Chancery Delaware Court of Chancery, New Castle County Leonard L. Williams Justice Center, 500 North King Street, Wilmington, DE 19801 | Kessler Topaz Meltzer & Check, LLP Stacey A. Greenspan, Esq. 280 King of Prussia Road Radnor, PA 19087 | Weil, Gotshal & Manges LLP John A. Neuwirth, Esq. 767 Fifth Avenue New York, NY 10153 |
|  | and | and |
|  | Grant & Eisenhofer P.A. Christine Mackintosh 123 Justison Street, 7th Floor Wilmington, DE 19801 | Paul Hastings LLP Richard S. Horvath, Jr. Esq. 101 California Street, 48th Floor San Francisco, CA 94111 |

78.     Any objection to the Delaware Settlement, the proposed Plan of Allocation for the Delaware Net Settlement Fund, or the motion for attorneys' fees and litigation expenses in the Delaware Action must include (a) the case name and docket number, *In re Towers Watson & Co. Stockholder Litigation*, Consolidated C.A. No. 2018-0132-KSJM (Del. Ch.); (b) the name, address, and telephone number of the person or entity objecting, and, if represented by counsel, the name and address of the objector's counsel; (c) proof of membership in the Delaware Class;

(d) a detailed statement of objections to any matter before the Delaware Court; and (e) the grounds thereof or the reasons for wanting to appear and be heard, as well as all documents or writings the Delaware Court shall be asked to consider.

79.    Documentation establishing membership in the Class(es) must consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

80.    You may file a written objection without having to appear at the applicable Settlement Hearing.  You may not, however, appear at one of the Settlement Hearings to present your objection unless you first file and serve a written objection with respect to that Settlement in accordance with the procedures described above.

81.    Persons who intend to object and desire to present evidence at either Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the applicable Court.

82.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearings.  However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the applicable Court(s) and serve it on applicable Class Counsel and Defendants' Counsel at the addresses set forth in ¶ 74 and/or ¶ 77 above so that the notice is *received* on or before _____, **2021**.

83.    Either of the Settlement Hearings may be adjourned by the applicable Court without further written notice to the Classes.  If you plan to attend either of the Settlement Hearings, you should confirm the date and time at www.WillisTowersWatsonShareholderLitigation.com.

84.    **Unless one of the Courts orders otherwise, any member of the Classes who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlements, the proposed Plans of Allocation, or Class Counsel's motions for awards of attorneys' fees and litigation expenses.  Members of the Classes do not need to appear at the Settlement Hearings or take any other action to indicate their approval.**

| WHAT IF I BOUGHT OR HELD SHARES ON SOMEONE ELSE'S BEHALF? |
| --- |

85.    If you held Towers common stock for the beneficial interest of persons or organizations other than yourself **on either October 1, 2015 or January 4, 2016**, or if you received consideration in the Merger of Willis and Towers that closed on January 4, 2016 as a nominee for the benefit of another beneficial owner, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form (the "Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, addresses, and email addresses (if available) of all such beneficial owners to *Willis Towers Watson Shareholder Litigation*, c/o A.B. Data, Ltd., ATTN: Fulfillment, P.O. Box 173111, Milwaukee, WI 53217.

86.   If you choose the first option set forth in ¶ 85, you must send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the list of names and addresses for use in connection with any possible future notice to the Classes.  If you choose the second option set forth in ¶ 85, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners.

87.   Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Copies of this Notice and the Claim Form may also be obtained from the Settlement website, www.WillisTowersWatsonShareholderLitigation.com, by calling the Claims Administrator toll-free at 1-800-983-6133, or by emailing the Claims Administrator at info@WillisTowersWatsonShareholderLitigation.com.

---

**CAN I SEE THE COURT FILE?**
**WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

---

88.   This Notice contains only a summary of the terms of the proposed Settlements.  Copies of the Stipulations, other key documents, and any orders entered by the Courts related to the Settlements and Plans of Allocation, will be posted on the settlement website, www.WillisTowersWatsonShareholderLitigation.com.  For more detailed information about the matters involved in the Actions, you are referred to the papers on file in the respective Actions. Court papers for the Federal Action may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Eastern District of Virginia, Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314.  Court papers for the Delaware Action may be inspected during regular office hours at the Office of the Register in Chancery in the Court of Chancery of the State of Delaware, Leonard L. Williams Justice Center, 500 North King Street, Wilmington, DE 19801.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Willis Towers Watson Shareholder Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173111
Milwaukee, WI 53217

1-800-983-6133
info@WillisTowersWatsonShareholderLitigation.com
www.WillisTowersWatsonShareholderLitigation.com

or

**Federal Class Counsel**

Salvatore J. Graziano, Esq.
BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
1-800-380-8496
settlements@blbglaw.com

**Delaware Class Counsel**

Stacey A. Greenspan, Esq.
KESSLER TOPAZ MELTZER
& CHECK, LLP
280 King of Prussia Road
Radnor, PA 19087
1-610-667-7706
info@ktmc.com

and

Christine Mackintosh, Esq.
GRANT & EISENHOFER P.A.
123 Justison Street, 7th Floor
Wilmington, DE 19801
(302) 622-7081
cmackintosh@gelaw.com

**DO NOT CALL OR WRITE THE COURTS, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2021

By Orders of the Courts

United States District Court
Eastern District of Virginia

Delaware Chancery Court

#1427371

27

# APPENDIX A

## PROPOSED PLANS OF ALLOCATION FOR THE NET SETTLEMENT FUNDS

1.    This appendix sets forth the proposed Plans of Allocation for the Federal Net Settlement Fund and the Delaware Net Settlement Fund, which are proposed by Lead Plaintiffs in those respective Actions.[12]  At the Federal Settlement Hearing, Federal Lead Plaintiff will request that the Federal Court approve the Plan of Allocation for the Federal Net Settlement Fund (the $75 million Federal Settlement Amount less attorneys' fees, litigation expenses, and costs).  At the Delaware Settlement Hearing, Delaware Lead Plaintiffs will request that the Delaware Court approve the Plan of Allocation for the Delaware Net Settlement Fund (the $15 million Delaware Settlement Amount less attorneys' fees, litigation expenses, and costs).

## GENERAL MATTERS

2.    The objective of the Plans of Allocation is to equitably distribute the Net Settlement Funds to those members of each Class who or which allegedly suffered economic losses as a proximate result of the claims alleged in the respective Actions.  The calculations made pursuant to the Plans of Allocation are not intended to be estimates of, nor indicative of, the amounts that members of the Classes might have been able to recover after a trial (if they recovered anything).  Nor are the calculations pursuant to the Plans of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlements.   The computations under the Plans of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Funds.

3.    The Net Settlement Funds will not be distributed unless and until the Courts have approved both Settlements, as well as a plan of allocation for each Settlement, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

4.    Neither Defendants nor any other person or entity that paid any portion of the Federal Settlement Amount or the Delaware Settlement Amount on their behalf are entitled to get back any portion of the Settlement Funds once the Effective Date of the Settlements occurs.  Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlements, the disbursement of the Net Settlement Funds, any actions of the Escrow Agent or Claims Administrator, or the Plans of Allocation.

5.    Approval of the Settlements is independent from approval of the Plans of Allocation.  Any determination with respect to the plan of allocation for either Settlement will not affect the validity or effectiveness of that Settlement, if approved.

---

[12] Capitalized terms not defined in this Appendix A have the meaning ascribed in the Notice of (I) Pendency of Class Actions and Proposed Settlements; (II) Settlement Fairness Hearings; and (III) Motions for Attorneys' Fees and Litigation Expenses (the "Notice") and/or the Stipulation and Agreement of Settlement for the Federal Settlement and/or the Stipulation and Agreement of Settlement for the Delaware Settlement (together, the "Stipulations").

6. Unless one of the Courts otherwise orders, any member of the Classes who or which fails to submit a Claim Form **postmarked on or before _____, 2021** shall be fully and forever barred from receiving payments pursuant to the Settlements but will in all other respects remain a member of the Class(es) of which he, she, or it was a member and will be subject to the provisions of the Stipulation(s), including the terms of any judgment(s) entered and the releases given.

7. The Courts have reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claims of any members of the Classes.

8. With respect to his, her, or its Claim Form, each Claimant who is a member of the Federal Class shall be deemed to have submitted to the jurisdiction of the Federal Court and each Claimant who is a member of the Delaware Class shall be deemed to have submitted to the jurisdiction of the Delaware Court.

9. The only security that is included in either of the Settlements is Towers common stock.

## PLAN OF ALLOCATION FOR THE FEDERAL NET SETTLEMENT FUND

10. Pursuant to the Federal Settlement, the Federal Defendants have agreed to pay or caused to be paid a total of $75,000,000 in cash (the "Federal Settlement Amount"). The Federal Settlement Amount will be deposited into an escrow account. The Federal Settlement Amount plus any interest earned thereon is referred to as the "Federal Settlement Fund." If the Settlements are approved and the Effective Date occurs, the "Federal Net Settlement Fund" (that is, the Federal Settlement Fund less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Federal Court; (iv) any attorneys' fees awarded by the Federal Court; and (v) any other costs or fees approved by the Federal Court) will be distributed to Federal Class Members who submit valid Claim Forms, in accordance with this proposed Plan of Allocation or such other plan of allocation as the Federal Court may approve.

11. Only members of the Federal Class will be eligible to share in the distribution of the Federal Net Settlement Fund. Persons and entities that are excluded from the Federal Class by definition or that exclude themselves from the Federal Class pursuant to request will not be eligible for a payment from the Federal Net Settlement Fund.

12. **Determination of the Number of Federal Eligible Shares:** For each claimant that is a member of the Federal Class, the number of Federal Eligible Shares will be calculated based on information provided in the Claim Form and for which adequate documentation is provided, as follows.

- For each claimant, the number of **Federal Eligible Shares** is the number of shares of Towers common stock that claimant held as of the close of trading on October 1, 2015 that were still held as of the close of trading on January 4, 2016.

13. **FIFO Matching:** If a Federal Class Member had any sales of Towers common stock during the period from October 2, 2015 through the close of trading on January 4, 2016, the number of Federal Eligible Shares shall be determined on a First In, First Out ("FIFO") basis. Specifically, any sales of Towers common stock from October 2, 2015 through the close of trading on January 4, 2016 will be matched first against holdings of Towers common stock on

October 1, 2015, and then against purchases/acquisitions during the period from October 2, 2015 through January 4, 2016, in chronological order.

14.     **Determination of the Federal Distribution Amount:**  The Federal Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their number of Federal Eligible Shares.  Specifically, a "Federal Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's number of Federal Eligible Shares divided by the total number of Federal Eligible Shares of all Authorized Claimants, multiplied by the total amount in the Federal Net Settlement Fund.

## PLAN OF ALLOCATION FOR THE DELAWARE NET SETTLEMENT FUND

15.     Pursuant to the Delaware Settlement, the Delaware Defendants have agreed to pay or caused to be paid a total of $15,000,000 in cash (the "Delaware Settlement Amount").  The Delaware Settlement Amount will be deposited into an escrow account.  The Delaware Settlement Amount plus any interest earned thereon is referred to as the "Delaware Settlement Fund."  If the Settlements are approved and the Effective Date occurs, the "Delaware Net Settlement Fund" (that is, the Delaware Settlement Fund less (i) any Taxes; (ii) any attorneys' fees and litigation expenses awarded by the Delaware Court; and (iii) any other costs or fees approved by the Delaware Court) will be distributed to Delaware Class Members who submit valid Claim Forms, in accordance with this proposed Plan of Allocation or such other plan of allocation as the Delaware Court may approve.

16.     Only members of the Delaware Class will be eligible to share in the distribution of the Delaware Net Settlement Fund.  Persons and entities that are excluded from the Delaware Class by definition will not be eligible for a payment from the Delaware Net Settlement Fund.

17.     **Determination of the Number of Delaware Eligible Shares:**  For each claimant that is a member of the Delaware Class, the number of Delaware Eligible Shares will be calculated based on information provided in the Claim Form and for which adequate documentation is provided, as follows.

- For each claimant, the number of **Delaware Eligible Shares** is the number of shares of Towers common stock that claimant held as of the close of trading on January 4, 2016 (regardless of the date of purchase) for which that claimant received or was entitled to receive the Merger consideration.

18.     **Determination of the Delaware Distribution Amount:**  The Delaware Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their number of Delaware Eligible Shares.  Specifically, a "Delaware Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's number of Delaware Eligible Shares divided by the total number of Delaware Eligible Shares of all Authorized Claimants, multiplied by the total amount in the Delaware Net Settlement Fund.

## ADDITIONAL PROVISIONS
## APPLICABLE TO BOTH NET SETTLEMENT FUNDS

19.     To the extent possible, the Claims Administrator will seek to conduct the distribution of funds in the Federal Net Settlement Fund and Delaware Net Settlement Fund simultaneously.

Authorized Claimants who are members of both Classes may receive a single payment with the sum of their Federal Distribution Amount and Delaware Distribution Amount.

20. **"Purchase/Sale" Dates:** Purchases and sales of Towers common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

21. **Shares Purchased/Sold Through the Exercise of Options:** Option contracts are not securities eligible to participate in the Settlements. With respect to shares of Towers common stock purchased or sold through the exercise of an option, the purchase/sale date of the Towers common stock is the exercise date of the option.

22. After the initial distribution of the Net Settlement Funds, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in either of the Net Settlement Funds after the initial distribution, if Class Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator, no less than seven (7) months after the initial distribution, will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 in total from such re-distribution of the Net Settlement Funds. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Class Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlements, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Funds is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Class Counsel and approved by the Courts.

23. Payment pursuant to the Plans of Allocation, or such other plan(s) of allocation as may be approved by one or both of the Courts, will be conclusive against all Claimants in the applicable Settlement. No person or entity shall have any claim against Lead Plaintiffs, Class Counsel, the Claims Administrator, or any other agent designated by Class Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulations, the plans of allocation approved by the Courts, or any order of the Courts. Lead Plaintiffs and Defendants, and their respective counsel, and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Funds or the Net Settlement Funds, the Plans of Allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Funds, or any losses incurred in connection therewith.

24. The Plans of Allocation set forth herein are the plans that are being proposed to the applicable Court for their approval. Each Court may approve the applicable Plan of Allocation as proposed, or one or both of the Courts may modify the plan applicable to its Settlement without further notice to members of the applicable Class. Any Order(s) regarding any modification of either Plan of Allocation will be posted on the website, www.WillisTowersWatsonShareholderLitigation.com.

# Exhibit A-2

**Exhibit A-2**

*Willis Towers Watson Shareholder Litigation*
**Toll-Free Number: 1-800-983-6133**
**Email: info@WillisTowersWatsonShareholderLitigation.com**
**Website: www.WillisTowersWatsonShareholderLitigation.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund(s) in connection with the proposed Settlements described in the accompanying Notice, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the address below, with supporting documentation, ***postmarked* no later than _____, 2021**.

**Mail to:**

*Willis Towers Watson Shareholder Litigation*
**c/o A.B. Data, Ltd.**
**P.O. Box 173111**
**Milwaukee, WI 52317**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any payment from the Settlements.

**Do not mail or deliver your Claim Form to the Courts, the Parties to the Actions, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | __ |
| **PART II – GENERAL INSTRUCTIONS** | __ |
| **PART III – SCHEDULE OF HOLDINGS AND TRANSACTIONS IN TOWERS WATSON & CO. COMMON STOCK (NASDAQ TICKER: TW, CUSIP: 891894107)** | __ |
| **PART IV – RELEASE OF CLAIMS AND SIGNATURE** | __ |

# PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name
First Name

Last Name

Joint Beneficial Owner's Name (*if applicable*)
First Name

Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Account Number

Street Address

City

State/Province  Zip Code

Foreign Postal Code (if applicable)

Foreign Country (if applicable)

Telephone Number (Day)

Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim)

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s)   ☐ Corporation   ☐ UGMA Custodian   ☐ IRA

☐ Partnership   ☐ Estate   ☐ Trust   ☐ Other (describe: _____)

# PART II – GENERAL INSTRUCTIONS

1.        It is important that you completely read and understand the Notice of (I) Pendency of Class Actions and Proposed Settlements; (II) Settlement Fairness Hearings; and (III) Motions for Attorneys' Fees and Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plans of Allocation of the Net Settlement Funds set forth in the Notice.  The Notice describes the proposed Settlements, how members of the Federal Class and Delaware Class are affected by the proposed Settlements, and the manner in which the Net Settlement Funds will be distributed if the Settlements and Plans of Allocation are approved by the respective Courts.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.        YOU ARE ONLY ELIGIBLE TO PARTICIPATE IN THE SETTLEMENT(S) APPLICABLE TO THE CLASS(ES) IN WHICH YOU ARE A MEMBER (*see* the definitions of the Federal Class and the Delaware Class on page __ of the Notice, which set forth who is included in and who is excluded from the respective Classes).  Thus, to be eligible for a payment from the proceeds of the Federal Settlement, you must be a member of the Federal Class, and to be eligible for a payment from the proceeds of the Delaware Settlement, you must be a member of the Delaware Class.

3.        By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlements described in the Notice that are applicable to you.  IF YOU ARE NOT A MEMBER OF ONE OR MORE OF THE CLASSES, DO NOT SUBMIT A CLAIM FORM.  You may not, directly or indirectly, participate in the Federal Settlement if you are not a member of the Federal Class or if you, or someone acting on your behalf, submitted a request for exclusion from the Federal Class, and you may not, directly or indirectly, participate in the Delaware Settlement if you are not a member of the Delaware Class.

4.        **Submission of this Claim Form does not guarantee that you will be eligible to receive a payment from either of the Settlements.  The distribution of the Net Settlement Funds will be governed by the Plans of Allocation set forth in the Notice, if they are approved by the respective Courts, or by such other plans of allocation as the Courts may approve.**

5.        Use the Schedule of Transactions in Part III of this Claim Form to supply all required details of your transaction(s) in, and holdings of, common stock of Towers Watson & Co. ("Towers").  On this schedule, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Towers common stock (including free transfers and deliveries), whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

6.        You are required to submit genuine and sufficient documentation for all of your holdings of and transactions in Towers common stock as set forth in the Schedule of Transactions in Part III of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Towers common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.  **Please**

keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents.

7.      Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of the Towers common stock.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the Towers common stock in your own name, you were the beneficial owner as well as the record owner.  If, however, your shares of Towers common stock were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of the stock, but the third party was the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.  If there were joint beneficial owners, each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

8.      **One Claim should be submitted for each separate legal entity or separately managed account.**  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his or her IRA holdings and transactions with holdings and transactions made solely in the individual's name).  Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form.  However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account.  The Claims Administrator reserves the right to request information on all the holdings and transactions in Towers common stock made on behalf of a single beneficial owner.

9.      Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)      expressly state the capacity in which they are acting;

(b)      identify the name, account number, last four digits of the Social Security Number (or taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Towers common stock; and

(c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10.      By submitting a signed Claim Form, you will be swearing that you:

(a)      owned the Towers common stock you have listed in the Claim Form; or

(b)      are expressly authorized to act on behalf of the owner thereof.

11.      By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America and/or the State of Delaware.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

12.      If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plans of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing.  The claims process will take substantial time to complete fully and fairly.  Please be patient.

13.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at the above address, by email at info@WillisTowersWatsonShareholderLitigation.com, or by toll-free phone at 1-800-983-6133, or you can visit the website, www.WillisTowersWatsonShareholderLitigation.com, where copies of the Claim Form and Notice are available for downloading.

14.     NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested to, submit information regarding their transactions in electronic files.  To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the Settlement website at www.WillisTowersWatsonShareholderLitigation.com or you may email the Claims Administrator's electronic filing department at info@WillisTowersWatsonShareholderLitigation.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  The ***complete*** name of the beneficial owner of the securities must be entered where called for (*see* ¶ 7 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect.  **Do not assume that your file has been received until you receive this email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@WillisTowersWatsonShareholderLitigation.com to inquire about your file and confirm it was received.**

### IMPORTANT:  PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM WITHIN 60 DAYS OF YOUR SUBMISSION.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CONTACT THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-800-983-6133.**

## PART III – SCHEDULE OF TRANSACTIONS IN TOWERS COMMON STOCK

Use this section to provide information on your holdings and trading of Towers common stock (NASDAQ Ticker Symbol: **TW**, CUSIP: 891894107) during the requested time periods. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions, ¶ 6 above.

| | |
|---|---|
| **1. HOLDINGS AS OF OCTOBER 1, 2015** – State the total number of shares of Towers common stock held as of the close of trading on October 1, 2015. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |

**2. PURCHASES/ACQUISITIONS FROM OCTOBER 2, 2015 THROUGH JANUARY 4, 2016** – Separately list each and every purchase or acquisition (including free receipts) of Towers common stock from October 2, 2015 through and including the close of trading on January 4, 2016. (Must be documented.)

| Date of Purchase/Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Confirm Proof of Purchase Enclosed |
|---|---|---|
| /    / | | ○ |
| /    / | | ○ |
| /    / | | ○ |
| /    / | | ○ |
| /    / | | ○ |

**3. SALES FROM OCTOBER 2, 2015 THROUGH JANUARY 4, 2016** – Separately list each and every sale or disposition (including free deliveries) of Towers common stock from October 2, 2015 through and including the close of trading on January 4, 2016. (Must be documented.)

| Date of Sale/Disposition (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Confirm Proof of Sale Enclosed |
|---|---|---|
| /    / | | ○ |
| /    / | | ○ |
| /    / | | ○ |
| /    / | | ○ |
| /    / | | ○ |

| | |
|---|---|
| **4. HOLDINGS AS OF JANUARY 4, 2016** – State the total number of shares of Towers common stock held as of the close of trading on January 4, 2016. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

### YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.

<u>**Release of Claims by Federal Class Members:**</u>

I (we) hereby acknowledge that, pursuant to the terms set forth in the Federal Stipulation, upon the Effective Date of Settlements, I (we), on behalf of myself (ourselves) and my (our) legal representatives, heirs, executors, administrators, estates, predecessors, successors, predecessors-in-interest, successors-in-interest, and assigns, and any person or entity acting for or on behalf of, or claiming under, any of them, in their respective capacities as such, shall be deemed to have, and by operation of law and of the Judgment entered with respect to the Federal Settlement, shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Federal Released Plaintiffs' Claim (as defined in the Federal Stipulation and the Notice) against the Federal Defendants and the other Federal Defendant Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Federal Released Plaintiffs' Claims against any of the Federal Defendant Releasees.

<u>**Release of Claims by Delaware Class Members:**</u>

I (we) hereby acknowledge that, pursuant to the terms set forth in the Delaware Stipulation, upon the Effective Date of the Settlements, I (we), on behalf of myself (ourselves) and my (our) legal representatives, heirs, executors, administrators, estates, predecessors, successors, predecessors-in-interest, successors-in-interest, and assigns, and any person or entity acting for or on behalf of, or claiming under, any of them, in their respective capacities as such, shall be deemed to have, and by operation of law and of the Judgment entered with respect to the Delaware Settlement shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Delaware Released Plaintiffs' Claim (as defined in the Delaware Stipulation and the Notice) against the Delaware Defendants and the other Delaware Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Delaware Released Plaintiffs' Claims against any of the Delaware Defendants' Releasees.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release(s) above and certifies (certify) as follows:

      1.     that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlements and the terms of the Plans of Allocation;

      2.     that the claimant(s) is a (are) member(s) of one or more of the Classes, as defined in the Notice, and is (are) not excluded by definition from such Class(es) as set forth in the Notice;

      3.     that I (we) owned the Towers common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

      4.     that the claimant(s) has (have) not submitted any other claim covering the same purchases of Towers common stock and knows (know) of no other person having done so on the claimant's (claimants')

behalf;

      5.    that the claimant(s) submit(s) to the jurisdiction of the Courts with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

      6.    that I (we) agree to furnish such additional information with respect to this Claim Form as Class Counsel, the Claims Administrator, or the Court may require;

      7.    that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the respective Courts of the validity or amount of this claim, and waive(s) any right of appeal or review with respect to such determination;

      8.    that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Actions; and

      9.    that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, it, or they is (are) no longer subject to backup withholding.  **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.


_____           
Signature of claimant                                                        Date


_____
Print claimant name here


_____           
Signature of joint claimant, if any                                 Date


_____
Print joint claimant name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of claimant                                    Date

_____

Print name of person signing on behalf of claimant here

_____

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – see ¶ 9 on page [___] of this Claim Form.)

# <u>REMINDER CHECKLIST</u>

1.  Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2.  Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3.  Do not highlight any portion of the Claim Form or any supporting documents.

4.  Keep copies of the completed Claim Form and documentation for your own records.

5.  The Claims Administrator will acknowledge receipt of your Claim Form by mail within 60 days of your submission.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll free at 1-800-983-6133.**

6.  If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7.  If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@WillisTowersWatsonShareholderLitigation.com, or by toll-free phone at 1-800-983-6133, or you may visit www.WillisTowersWatsonShareholderLitigation.com.  DO NOT call Towers or its counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, *POSTMARKED* NO LATER THAN _____, 2021, ADDRESSED AS FOLLOWS:

***Willis Towers Watson Shareholder Litigation***
**c/o A.B. Data, Ltd.**
**P.O. Box 173111**
**Milwaukee, WI 53217**

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____, 2021 is indicated on the envelope and it is mailed First Class, and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

#1427176

# Exhibit A-3

<u>LEGAL NOTICE</u>

# If you owned common stock of Towers Watson & Co. ("Towers") on January 4, 2016, the date that the merger transaction between Towers and Willis Group Holdings plc ("Willis") closed, you could get a payment from proposed class action settlements

TO: (a) All persons and entities that were Towers shareholders, including shareholders of record and beneficial owners, as of both October 1, 2015, the record date for Towers shareholders to be eligible to vote on the merger of Towers and Willis, and January 4, 2016, the date the merger transaction between Towers and Willis closed, and who were allegedly damaged thereby (the "Federal Class"); and

    (b) All persons and entities that were Towers shareholders, including shareholders of record and beneficial owners, at any time during the period from June 29, 2015 through and including January 4, 2016, together with their successors and assigns (the "Delaware Class").

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY PENDING CLASS ACTION LAWSUITS.**

YOU ARE HEREBY NOTIFIED that:

- the action entitled *In re Willis Towers Watson plc Proxy Litigation*, Master File No. 1:17-cv-1338-AJT-JFA (the "Federal Action"), pending in the United States District Court for the Eastern District of Virginia (the "Federal Court"), has been certified as a class action on behalf of the Federal Class, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Federal Court;

- the action entitled *In re Towers Watson & Co. Stockholder Litigation*, Consolidated C.A. No. 2018-0132-KSJM (the "Delaware Action"), pending in the Delaware Court of Chancery (the "Delaware Court" and, together with the Federal Court, the "Courts"), has been conditionally certified as a class action, for the purposes of settlement only, on behalf of the Delaware Class, pursuant to Rule 23 of the Rules of the Court of Chancery of the State of Delaware and an Order of the Delaware Court; and

- the parties to the Federal Action and Delaware Action (together, the "Actions") have reached proposed Settlements[1] for the benefit of the Federal Class and Delaware Class (collectively, the "Classes") totaling **$90,000,000** in cash. Specifically, (i) Federal Lead

---

[1] Capitalized terms not defined herein have the meaning ascribed in the (i) Notice of (I) Pendency of Class Actions and Proposed Settlements; (II) Settlement Fairness Hearings; and (III) Motions for Attorneys' Fees and Litigation Expenses (the "Notice") and/or (ii) Federal Stipulation and Agreement of Settlement for the Federal Settlement and/or Delaware Stipulation and Agreement of Settlement for the Delaware Settlement, which are available as set forth in the Notice.

Plaintiff The Regents of the University of California, on behalf of itself and the Federal Class, has reached a proposed settlement of the Federal Action for $75,000,000 in cash (the "Federal Settlement"); and (ii) Delaware Lead Plaintiffs City of Fort Myers General Employees' Pension Fund and Alaska Laborers-Employers Retirement Trust, on behalf of themselves and the Delaware Class, have reached a proposed settlement of the Delaware Action for $15,000,000 in cash (the "Delaware Settlement" and, together with the Federal Settlement, the "Settlements"). These proposed Settlements will be considered independently by the respective Courts but will not become effective unless and until both Settlements have been approved and become final.

**If you are a member of the Federal Class and/or the Delaware Class, your rights will be affected by the proposed Settlement(s) that apply to you and any orders or judgments related to those Settlements, and you may be entitled to share in the Federal and/or Delaware Settlement Funds.** If you have not yet received the full printed Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Willis Towers Watson Shareholder Litigation*, c/o A.B. Data, Ltd., P.O. Box 173111, Milwaukee, WI 53217, by toll-free phone at 1-800-983-6133, or by email at info@WillisTowersWatsonShareholderLitigation.com. Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.WillisTowersWatsonShareholderLitigation.com. The Notice provides additional information about the Settlements and the Classes.

The Federal Court will hold a hearing on _____, 2021 at _:__ _.m., before the Honorable Anthony J. Trenga, either in person at the United States District Court for the Eastern District of Virginia, Courtroom 701 of the Albert V. Bryan U.S. Courthouse, 401 Courthouse Square, Alexandria, VA 22314, or by telephone or videoconference (in the discretion of the Federal Court) to determine: (i) whether the proposed Federal Settlement should be approved as fair, reasonable, and adequate; (ii) whether the proposed Plan of Allocation for the proceeds of the Federal Settlement is fair and reasonable and should be approved; and (iii) whether Federal Class Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses should be approved.

The Delaware Court will hold a hearing on _____, 2021 at _:__ _.m., before the Honorable Kathaleen McCormick, either in person at the Court of Chancery, New Castle County, Leonard L. Williams Justice Center, 500 North King Street, Wilmington, DE 19801, or by telephone or videoconference (in the discretion of the Delaware Court) to determine: (i) whether to finally certify the Delaware Class for settlement purposes only; (ii) whether the proposed Delaware Settlement should be approved as fair, reasonable, and adequate; (iii) whether the proposed Plan of Allocation for the proceeds of the Delaware Settlement is fair and reasonable and should be approved; and (iv) whether Delaware Class Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses should be approved.

If you are a member of one or both Classes, in order to be eligible to receive a payment under the proposed Settlement(s) that applies (apply) to you, you must submit a Claim Form *postmarked no later than _____, 2021*. You only need to submit one Claim Form to be eligible for both Settlements. If you do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement(s), but you will

nevertheless be bound by any judgments or orders entered in the Actions related to the Settlement(s) that applies (apply) to you.

If you are a member of the Federal Class and wish to exclude yourself from the Federal Class, you must submit a written request for exclusion such that it is *received no later than* _____, 2021, in accordance with the instructions set forth in the Notice. If you are a member of the Federal Class and properly exclude yourself, you will not be bound by any judgments or orders entered by the Federal Court in the Federal Action, and you will not be eligible to share in the proceeds of the Federal Settlement. The Delaware Class is conditionally certified as a non-opt-out class. You do not have the opportunity to exclude yourself from the Delaware Class.

Any objections to the proposed Settlements, the proposed Plan of Allocation for each Settlement, or counsel's motions for attorneys' fees and litigation expenses with respect to each Settlement must be filed with the relevant Court and delivered to representatives of the relevant parties, as provided in the Notice. Any objections to the Federal Settlement and matters related to the Federal Settlement must be *received no later than* _____, 2021, in accordance with the instructions set forth in the Notice. Any objections to the Delaware Settlement and matters related to the Delaware Settlement must be *received no later than* _____, 2021, in accordance with the instructions set forth in the Notice.

**Please do not contact the Courts, Defendants, or Defendants' counsel regarding this notice. All questions about this notice, the proposed Settlements, or your eligibility to participate in the Settlements should be directed to the Claims Administrator or Class Counsel, listed below.**

**Requests for the Notice and Claim Form should be made to:**

*Willis Towers Watson Shareholder Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173111
Milwaukee, WI 53217

1-800-983-6133
info@WillisTowersWatsonShareholderLitigation.com
www.WillisTowersWatsonShareholderLitigation.com

**Inquiries, other than requests for the Notice and Claim Form,
should be made to Class Counsel:**

| **Federal Class Counsel** | **Delaware Class Counsel** |
|---|---|
| Salvatore J. Graziano, Esq. | Stacey A. Greenspan, Esq. |
| BERNSTEIN LITOWITZ BERGER | KESSLER TOPAZ MELTZER |
| & GROSSMANN LLP | & CHECK, LLP |
| 1251 Avenue of the Americas, 44th Floor | 280 King of Prussia Road |
| New York, NY 10020 | Radnor, PA 19087 |
| 1-800-380-8496 | 1-610-667-7706 |
| settlements@blbglaw.com | info@ktmc.com |

Christine Mackintosh, Esq.
GRANT & EISENHOFER P.A.
123 Justison Street, 7th Floor
Wilmington, DE 19801
1-302-622-7081
cmackintosh@gelaw.com

By Order of the Courts

#1427190

# Exhibit B

Exhibit B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| IN RE WILLIS TOWERS WATSON PLC PROXY LITIGATION | Master File No. 1:17-cv-1338-AJT-JFA<br><br>CLASS ACTION |

### JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a securities class action is pending in this Court styled *In re Willis Towers Watson plc Proxy Litigation*, Master File No. 1:17-cv-1338-AJT-JFA (E.D. Va.) (the "Action");

WHEREAS, (a) Lead Plaintiff The Regents of the University of California ("Lead Plaintiff"), on behalf of itself and the Class (defined below), and (b) defendants Willis Towers Watson plc ("WTW"), Towers Watson & Co. ("Towers") (n/k/a WTW Delaware Holdings LLC), Willis Group Holdings plc ("Willis") (n/k/a Willis Towers Watson plc), and ValueAct Capital Management, L.P. ("ValueAct") (collectively, the "Corporate Defendants"), and John J. Haley, Dominic Casserley, and Jeffrey Ubben (collectively, the "Individual Defendants," together with the Corporate Defendants, "Defendants," and, together with Lead Plaintiff, the "Parties") have entered into a Stipulation and Agreement of Settlement dated January 15, 2021 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____, 2021 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity either to exclude themselves from the Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on _____, 2021 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.      **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  the Stipulation and the Notice and the Summary Notice, each of which was filed with the Court on January 15, 2021.

3.    **The Certified Class** – The "Class" means the class certified in the Court's order dated September 4, 2020, as modified by the Court's order dated November 4, 2020, and includes: all persons and entities that were Towers shareholders, including shareholders of record and beneficial owners, as of both October 1, 2015, the record date for Towers shareholders to be eligible to vote on the Merger of Towers and Willis, and January 4, 2016, the date the Merger transaction between Towers and Willis closed, and who were allegedly damaged thereby. Excluded from the Class by definition are:  Defendants; the members of the Immediate Family of any Individual Defendant; any person who was an Officer or director of WTW, Willis, Towers, or ValueAct as of October 1, 2015; any firm, trust, corporation, or other entity in which any Defendant has or had a controlling interest; any employee retirement and benefit plans of WTW, Willis, Towers, or ValueAct; Defendants' directors' and officers' liability insurance carriers and any affiliates or subsidiaries of those carriers; any Towers shareholder that completed the exercise of his, her, or its right to appraisal of his, her or its shares under Delaware law, including through a settlement of any litigation initiated by any former Towers shareholder to pursue appraisal rights related to the Merger; and the legal representatives, agents, affiliates, heirs, successors-in-interest, or assigns of any of the foregoing excluded parties.  To be a Class Member, a person or entity does not need to have held all the Towers shares that he, she, or it owned on October 1, 2015 until January 4, 2016.  He, she, or it need only have continued to own at least some of that Towers common stock that he, she, or it held on October 1, 2015 as of January 4, 2016.  A person or entity is excluded from the Class if he, she, or it sold all of his, her, or its Towers shares before January 4, 2016.  Any of a Class Member's shares which were sold between October 1, 2015 and January 4, 2016 will be excluded from that Class Member's pro rata recovery in the Settlement, and if a Class Member held more Towers shares on January 4, 2016 than he, she, or it held on October 1,

2015, then only the shares held on October 1, 2015 will be eligible for recovery in the Settlement. [Also excluded from the Class are the persons and entities listed on Exhibit 1 to this Judgment who or which are excluded from the Class pursuant to request.]

4.      **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable laws and rules.

5.      **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class.  Specifically, the Court finds that (a) Lead Plaintiff and Lead Counsel have adequately represented the Class; (b) the Settlement was

negotiated by the Parties at arm's-length; (c) the relief provided to the Class under the Settlement is adequate, taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Class, and the proposed attorneys' fee award; and (d) the Settlement treats members of the Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

6.      Defendants have complied with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, et seq. Defendants timely mailed notice of the Settlement pursuant to 28 U.S.C. § 1715(b), including notices to the Attorney General of the United States of America, and the Attorneys General of each State. The CAFA notice contains the documents and information required by 28 U.S.C. § 1715(b)(1)-(8). The Court finds that Defendants have complied in all respects with the requirements of 28 U.S.C. § 1715.

7.      The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Class Members are hereby dismissed. Upon the Effective Date of the Settlement, without further action by anyone, this dismissal shall be with prejudice. The Parties shall each bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

8.      **<u>Binding Effect</u>** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. [The persons and entities listed on Exhibit 1 hereto are excluded from the Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

9.      **Releases** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.   The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)      Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective legal representatives, heirs, executors, administrators, estates, predecessors, successors, predecessors-in-interest, successors-in-interest, and assigns, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, in their respective capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

(b)      Without further action by anyone, and subject to paragraph 10 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective legal representatives, heirs, executors, administrators, estates, predecessors, successors, predecessors-in-interest, successors-in-interest, and assigns, and any person or entity acting for or on behalf of, or claiming under, any of them, and each of them, in their respective capacities as such, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiff and the Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants'

Claims against any of the Plaintiffs' Releasees.  [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

10.     Notwithstanding paragraphs 9(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

11.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12.     **No Admissions** – Neither this Judgment, the Settlement (whether or not consummated), the Stipulation, including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or

administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

        (b)      shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

        (c)      shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial;

*provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

        13.    **<u>Retention of Jurisdiction</u>** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion

to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members, for all matters relating to the Action.

14.    Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for attorneys' fees and Litigation Expenses.  Such orders, or any appeal from any order relating thereto or reversal or modification thereof, shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

15.    **Modification of the Stipulation** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16.    **Termination of Settlement** – If (a) the Settlement is terminated as provided in the Stipulation or the Supplemental Agreement or (b) the Effective Date of the Settlement otherwise fails to occur, then this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of November 19, 2020, as provided in the Stipulation.

17.    **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final Judgment in this Action.

SO ORDERED this _____ day of _____, 2021.


_____
The Honorable Anthony J. Trenga
United States District Judge

**Exhibit 1**

**[List of Persons and Entities Excluded from the Class Pursuant to Request]**